GLANCY PRONGAY & MURRAY LLP
Robert V. Prongay
Natalie S. Pang (admitted *pro hac vice*)
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email: rprongay@glancylaw.com
         npang@glancylaw.com

MUEHLBAUER LAW OFFICE, LTD.
Andrew R. Muehlbauer, Esq.
Nevada Bar No. 10161
7915 West Sahara Ave., Suite 104
Las Vegas, Nevada 89117
Telephone: (702) 330-4505
Facsimile: (702) 825-0141
Email: andrew@molegal.com

*Attorneys for Lead Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| DANIEL E. SIEGGREEN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>LIVE VENTURES INCORPORATED, JON ISAAC, and VIRLAND A. JOHNSON,<br><br>Defendants. | Case No. 2:21-cv-01517-CDS-EJY<br><br>**LEAD PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF OMNIBUS OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS THE AMENDED CLASS ACTION COMPLAINT**<br><br>Judge:   Hon. Cristina D. Silva |

Case No. 2:21-cv-01517-CDS-EJY

Pursuant to Federal Rule of Evidence 201, Lead Plaintiff Daniel E. Sieggreen ("Plaintiff") respectfully requests that the Court take judicial notice of the following document attached as Exhibit A to the Declaration of Natalie S. Pang, which is a matter of public record and is not subject to reasonable dispute because it is capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned:

1. The initial complaint filed in the matter *Securities and Exchange Commission v. Live Ventures Incorporated, et al.*, on August 2, 2021, in the United States District Court for the District of Nevada (Case No. 2:21-cv-01433-JCM-VCF).

## ARGUMENT

"The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). A district court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c). Plaintiff requests that the Court take judicial notice of Exhibit A to the Declaration of Natalie S. Pang, filed contemporaneously herewith.

Plaintiff expressly references Exhibit A in his Amended Complaint, which is a basis for considering the document in ruling on Defendants' motions to dismiss under the doctrine of judicial notice, or the doctrine of incorporation by reference. *See, e.g.,* Amended Complaint (Dkt. No. 25), ¶¶29, 124, 130. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (in ruling on a motion to dismiss pursuant to Rule 12(b)(6), courts may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice"); *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010) ("We have extended the doctrine of incorporation by reference to consider documents in situations where the complaint necessarily relies upon a document or the contents of the document are alleged in a complaint, the document's authenticity is not in question and there are no disputed issues as to the document's relevance.").

Judicial notice is appropriately taken of filings in other courts and documents contained in the public record, such as Exhibit A. *See Hammitt v. Lumber Liquidators, Inc.*, 19 F. Supp. 3d 989,

1004 (S.D. Cal. 2014) ("A court may take judicial notice of … filings in federal and state courts if they are relevant."); *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (judicial notice "of proceedings in other courts, both within and without the federal judicial system" is appropriate "if those proceedings have a direct relation to the matters at issue.") (citing cases); *Coto*, 593 F.3d at 1038. ("On a motion to dismiss, we may consider materials incorporated into the complaint or matters of public record."); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 (9th Cir. 2006) (taking judicial notice of briefs, pleadings, and memoranda from parallel litigation). Exhibit A is relevant to the matters at issue in the instant action. Exhibit A is the SEC's complaint against Live Ventures, Inc., Jon Isaac, Virland A. Johnson, and JanOne, Inc.—the same defendants in the instant action—and the SEC's complaint alleges violations of the federal securities laws, as does the instant action, and further, the Amended Complaint expressly references Exhibit A.

Based on the foregoing, Plaintiff respectfully requests that the Court take judicial notice of Exhibit A attached to the Declaration of Natalie S. Pang, filed contemporaneously herewith.

Dated:  June 20, 2023

Respectfully Submitted,

By:  *s/ Natalie S. Pang*
Robert V. Prongay
Natalie S. Pang (admitted *pro hac vice*)
GLANCY PRONGAY & MURRAY LLP
1925 Century Park East, Suite 2100
Los Angeles, California 90067

Andrew R. Muehlbauer, Esq.
Nevada Bar No. 10161
MUEHLBAUER LAW OFFICE, LTD.
7915 West Sahara Ave., Suite 104
Las Vegas, Nevada 89117

*Attorneys for Lead Plaintiff*