GLANCY PRONGAY & MURRAY LLP
Robert V. Prongay
Natalie S. Pang (admitted *pro hac vice*)
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email: rprongay@glancylaw.com
       npang@glancylaw.com

MUEHLBAUER LAW OFFICE, LTD.
Andrew R. Muehlbauer, Esq.
Nevada Bar No. 10161
7915 West Sahara Ave., Suite 104
Las Vegas, Nevada 89117
Telephone: (702) 330-4505
Facsimile: (702) 825-0141
Email: andrew@molegal.com

*Attorneys for Lead Plaintiff*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| DANIEL E. SIEGGREEN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>LIVE VENTURES INCORPORATED, JON ISAAC, and VIRLAND A. JOHNSON,<br><br>Defendants. | Case No. 2:21-cv-01517-CDS-EJY<br><br>**STIPULATION TO VACATE DISCOVERY PLAN/SCHEDULING ORDER DEADLINE AND [PROPOSED] ORDER**<br><br>Judge:   Hon. Cristina D. Silva |

Case No. 2:21-cv-01517-CDS-EJY


Pursuant to LR IA 6-1, LR IA 6-2, and LR 7-1, Lead Plaintiff Daniel E. Sieggreen ("Plaintiff") and Defendants Live Ventures, Inc., Jon Isaac, and Virland A. Johnson (collectively, "Defendants"), by and through their respective counsel, hereby agree and stipulate, subject to this Court's approval, to vacate and reset the deadline for discovery plan/scheduling order, pending the outcome of Defendants' pending motion to dismiss the complaint. This is the parties' second request for the Court to vacate and reset the discovery plan/scheduling order deadline. The parties' request is based on the following:

WHEREAS, on March 6, 2023, Plaintiff filed his Amended Class Action Complaint for Violations of the Federal Securities Laws (Dkt. No. 25, the "Complaint"), which alleges violations of the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4, *et seq.*;

WHEREAS, the PSLRA sets forth specialized procedures for the administration of securities class actions, including that: "[i]n any private action arising under this chapter, ***all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss,*** unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party." 15 U.S.C. 78u-4(b)(3)(B) (emphasis added) (the "PSLRA Discovery Stay");

WHEREAS, on May 5, 2023, Defendants filed their motion to dismiss the Complaint and the Court indicated that a discovery plan/scheduling order would be due by June 19, 2023 (which, due, to the federal holiday, would thus be June 20, 2023) (*see* Dkt. No. 31);

WHEREAS, Plaintiff filed his opposition to Defendants' motion to dismiss the Complaint on June 20, 2023, and Defendants' reply in support of their motion to dismiss the Complaint is due by July 20, 2023 (*see* Dkt. No. 26);

WHEREAS, the parties filed a stipulation and proposed order on June 20, 2023 (the "Stipulation), which requested, in light of the PSLRA Discovery Stay and the pendency of Defendants' motion to dismiss the Complaint, and in the interests of judicial economy, conservation of time and resources, and orderly management of this action, the parties would not be required to

1  submit a discovery plan/scheduling order until the Court decided the pending Defendants' motion
2  to dismiss the Complaint (Dkt. No. 47);

3       WHEREAS, on June 21, 2023, the Court entered a minute order denying the parties'
4  Stipulation, stating that the filing of a motion to dismiss does not automatically stay discovery, that
5  the parties must either file a joint proposed discovery plan and scheduling order or stipulation to
6  stay discovery within 14 days of the order, and if a stipulation to stay discovery is filed, the
7  stipulation must be supported by the laws and facts supporting the request (Dkt. No. 50);

8       WHEREAS, no party has filed any motion that particularized discovery is necessary to
9  preserve evidence or to prevent undue prejudice to that party, thus the exception to the PSLRA
10 Discovery Stay does not currently apply to this action (*see* 15 U.S.C. § 78u-4 (b)(3)(B));

11      WHEREAS, the parties respectfully submit that the statutory PSLRA Discovery Stay applies
12 to this action during the pendency of Defendants' motion to dismiss the Complaint, and in the
13 interests of judicial economy, conservation of time and resources, and orderly management of this
14 action, the parties should not be required to submit a discovery plan and scheduling order until the
15 Court has decided the pending Defendants' motion to dismiss the Complaint, and that discovery
16 should be stayed until the resolution of Defendants' motion to dismiss the Complaint;

17      NOW, THEREFORE, the parties stipulate and agree, subject to the Court's approval, that:

18      1. The discovery plan and scheduling order deadline of July 5, 2023, shall be vacated and
19 reset to a date following the Court's decision on Defendants' pending motion to dismiss the
20 Complaint and discovery in this action shall be stayed pending the resolution of Defendants' motion
21 to dismiss the Complaint.

22 **IT IS SO STIPULATED.**
23 DATED this 23rd day of June, 2023.

By: /s/ *Natalie S. Pang*
Robert V. Prongay
Natalie S. Pang (admitted *pro hac vice*)
GLANCY PRONGAY & MURRAY LLP
1925 Century Park East, Suite 2100
Los Angeles, California 90067

Andrew M. Muehlbauer, Esq.
Nevada Bar No. 10161
MUEHLBAUER LAW OFFICE, LTD.
7915 West Sahara Avenue, Suite 104
Las Vegas, NV 89117

*Attorneys for Lead Plaintiff*


By: /s/ *Glenn F. Meier*
Mark E. Ferrario, Esq.
Nevada Bar No. 1625
Glenn F. Meier, Esq.
Nevada Bar No. 6059
GREENBERG TRAURIG, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, NV 89135

*Attorneys for Defendants*


**IT IS SO ORDERED:**

_____
**UNITED STATES MAGISTRATE JUDGE**

Dated:   June 26, 2023