John A. Hunt, Esq. (NSBN 1888)
Randolf W. Katz (admitted pro hac vice)
Bert Wuester Jr., Esq. (NSBN 5556)
CLARK HILL, PLLC
1700 S. Pavilion Center Drive, Suite 500
Las Vegas, Nevada 89135
Ph. (702) 862-8300; fax (702) 862-8400
Email: jhunt@clarkhill.com
Email: rkatz@clarkhill.com
Email: bwuester@clarkhill.com
Attorneys for Defendant, JanOne Inc.
(n/k/a ALT5 Sigma Corporation)

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| DANIEL E. SIEGGREEN, Individually and On Behalf of All Others Similarly Situated, | Case No.: **2:21-cv-01517-CDS-EJY** |
| Plaintiff, | |
| v. | **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT, JANONE, INC.'S, MOTION TO DISMISS SECOND AMENDED COMPLAINT (ECF NO. 74)** |
| LIVE VENTURES INCORPORATED, JON ISAAC, and VIRLAND A. JOHNSON, | |
| Defendants. | |

Pursuant to Federal Rule of Evidence 201, Defendant, JanOne Inc., a Nevada corporation now known as ALT5 Sigman Corporation ("JanOne"), by and through its undersigned counsel, respectfully requests that this Court take judicial notice of the following document (and its incorporated exhibits), attached to the Declaration of John A. Hunt, Esq. which are matters of public record and are not subject to reasonable dispute because they are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. The document and its incorporated exhibits is:

Page 1 of 5

1. JOINT MOTION FOR ENTRY OF FINAL JUDGMENT AGAINST DEFENDANT JANONE INC. filed May 24, 2024 (ECF No. 144; 22 pages), in the United States District Court, District of Nevada, having case no. 2:21-cv-01433-JCM-MDC, in the matter captioned as <u>Securities and Exchange Commission vs. Live Ventures Incorporated; JanOne Inc. (f/k/a Appliance Recycling Centers of America, Inc.); John Isaac a/k/a John Isaac; Kingston Diversified Holdings LLC; and Virland A. Johnson.</u>

## 1. **DISCUSSION**

"The court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The Court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c). Courts can take judicial notice of such matters without converting the motion to dismiss into a motion for summary judgment. *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001) (citing *Mack v. South Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986)). JanOne requests the Court take judicial notice of the attached document referenced above.

Plaintiff expressly references and relies upon certain SEC filings and other documents in his Second Amended Complaint, which is a basis for taking judicial notice of the above-referenced and attached document – which is also from the SEC case. *See United States v. Ritchie*, 342 F.3d 903, 907–08 (9th Cir. 2003) ("A court may … consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment."); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (a court may consider "other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take

ClarkHill\K0669\465893\280002778.v1-12/16/24

judicial notice"). Specifically, JanOne requests that the Court take judicial notice and consider the contents of the following document:

> 1. JOINT MOTION FOR ENTRY OF FINAL JUDGMENT AGAINST DEFENDANT JANONE INC. filed May 24, 2024 (ECF No. 144; 22 pages), in the United States District Court, District of Nevada, having case no. 2:21-cv-01433-JCM-MDC, in the matter captioned as <u>Securities and Exchange Commission vs. Live Ventures Incorporated; JanOne Inc. (f/k/a Appliance Recycling Centers of America, Inc.); John Isaac a/k/a John Isaac; Kingston Diversified Holdings LLC; and Virland A. Johnson.</u>

In addition, the above-referenced document is publicly available for download on a government website. "Courts routinely take judicial notice of documents available on government websites because the documents are not subject to reasonable dispute." *Freeney v. Bank of Am. Corp.*, 2015 WL 4366439, at \*13 (C.D. Cal. July 16, 2015). Courts in the Ninth Circuit routinely take judicial notice of non-governmental websites, particularly where the website is submitted merely to show that information was publicly available and not for the truth of the information stated. *See Perkins v. LinkedIn Corp.*, 53 F. Supp. 3d 1190, 1204 (N.D. Cal. 2014) ("Proper subjects of a motion to dismiss include … publicly accessible websites[.]"). All of the exhibits are submitted merely to establish that the information shown in these documents was available to the public.

\\\

\\\

\\\

\\\

\\\

\\\

\\\

\\\

Page 3 of 5

## 2. CONCLUSON

Based on the foregoing, JanOne respectfully request that the Court take judicial notice of the attached document, i.e.,

1. JOINT MOTION FOR ENTRY OF FINAL JUDGMENT AGAINST DEFENDANT JANONE INC. filed May 24, 2024 (ECF No. 144; 22 pages), in the United States District Court, District of Nevada, having case no. 2:21-cv-01433-JCM-MDC, in the matter captioned as Securities and Exchange Commission vs. Live Ventures Incorporated; JanOne Inc. (f/k/a Appliance Recycling Centers of America, Inc.); John Isaac a/k/a John Isaac; Kingston Diversified Holdings LLC; and Virland A. Johnson.

Respectfully submitted this /6 day of ___, 2024.

CLARK HILL, PLLC

By ___
John A. Hunt, Esq. (NSBN 1888)
Randolf W. Katz (admitted pro hac vice)
Bert Wuester Jr., Esq. (NSBN 5556)
CLARK HILL, PLLC
1700 S. Pavilion Center Drive, Suite 500
Las Vegas, Nevada 89135
Ph. (702) 862-8300; fax (702) 862-8400
Email: jhunt@clarkhill.com
Email: rkatz@clarkhill.com
Email: bwuester@clarkhill.com
Attorneys for Defendant, JanOne Inc.
(n/k/a ALT5 Sigma Corporation)

ClarkHill\K0669\465893\280002778.v1-12/16/24

## CERTIFICATE OF SERVICE

I, the undersigned employee of Clark Hill, PLLC, declare that:

I am a citizen of the United States and am over the age of eighteen years and not a party to the within aboveentitled action. I am an employee of Clark Hill, PLLC., in Las Vegas, Nevada,

On the date noted below, I caused to be served the within document, **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT, JANONE, INC.'S, MOTION TO DISMISS SECOND AMENDED COMPLAINT (ECF NO. 74)**, on the parties in said action addressed as follows:

_____ [By Mail] I am familiar with my employer's practice for the collection and processing of correspondence formailing with the United States Postal Service and that each day's mail is deposited with the United States Postal Service that same day in the ordinary course of business. On the date set forth above, I served the aforementioneddocument(s) on the parties in said action by placing a true copy thereof enclosed in a sealed envelope with First Class postage thereon fully prepaid, for collection and mailing on this date, following ordinary business practices at Las Vegas, Nevada, addressed as set forth above.

_____ [By Personal Service] By causing a true copy to be personally delivered thereof to the office of the addressee above.

_____ [By Overnight Courier] By causing a true copy thereof to be personally delivered via the following overnight courier service:

__X__ [By Electronic Service] By causing a true copy thereof to be delivered electronically through the Court's ECF/PACER filing system, as stipulated by all parties to constitute personal service to the above address.

I declare under penalty of perjury under the laws of the State of Nevada that the foregoing is true and correct, and that this declaration was executed at Las Vegas, Nevada.

By _____ this __16th__ day of December 2024.
Employee of Clark Hill, PLLC

Page 5 of 5

# EXHIBIT 1

LYNN M. DEAN (Cal. Bar No. 205562)
Email: deanl@sec.gov
RUTH C. PINKEL (Cal. Bar No. 164470)
Email: pinkelr@sec.gov
ROBERT STILLWELL (Cal. Bar No. 308630)
Email: stillwellr@sec.gov

Securities and Exchange Commission
Katharine Zoladz, Regional Director
Gary Y. Leung, Associate Regional Director
Douglas M. Miller, Regional Trial Counsel
444 S. Flower Street, Suite 900
Los Angeles, California 90071
Telephone: (323) 965-3998
Facsimile: (213) 443-1904

*Attorneys for Plaintiff Securities and Exchange Commission*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff, <br><br> vs. <br><br> LIVE VENTURES INCORPORATED; JANONE INC. (f/k/a Appliance Recycling Centers of America, Inc.); JOHN ISAAC a/k/a JON ISAAC; KINGSTON DIVERSIFIED HOLDINGS LLC; and VIRLAND A. JOHNSON, <br><br> Defendants. | Case No. 2:21-cv-01433-JCM-MDC <br><br> **JOINT MOTION FOR ENTRY OF FINAL JUDGMENT AGAINST DEFENDANT JANONE INC.** |

Plaintiff United States Securities and Exchange Commission ("SEC") and Defendant JanOne Inc. ("JanOne" or "Defendant") (SEC and Defendant are collectively referred to herein as the "Parties"), by and through their undersigned counsel of record, hereby submit this joint motion for entry of a final judgment against JanOne. The proposed final judgment and JanOne's consent to the entry of that final judgment are submitted with this motion.

In its First Amended Complaint, the SEC asserted claims against all the defendants arising out of their alleged involvement in three distinct fraudulently schemes. *See* ECF 76 ¶¶ 3-7. With respect to JanOne, the SEC alleged violations of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act') and Rules 10b-5(a) and 10b-5(c) thereunder, and sought a permanent injunction and civil penalty against JanOne. *See, e.g.*, ECF 76 ¶¶ 249-256.

On May 7, 2024, JanOne's Chief Executive Officer, Antonios "Tony" Isaac, executed a consent in which he agreed, in substance, to resolve all claims in this action. *See* Exhibit 1. JanOne's outside legal counsel, Brent R. Baker, also signed the consent to acknowledge that he approves of the form and content of the consent. (*Id.*) As reflected in the consent, JanOne consents to entry of the proposed final judgment without admitting or denying the allegations in the SEC's First Amended Complaint. (*Id.*) JanOne also waives findings of fact and conclusions of law pursuant to Fed. R. Civ. P. 52 and waives its rights to a jury trial and to appeal from entry of the proposed judgments. (*Id.*) As for the proposed final judgment, it permanently restrains and enjoins JanOne from violating Section 10(b) of the Exchange Act and Rule 10b-5 thereunder. *See* Exhibit 2. In addition, it orders JanOne to pay a civil penalty in a total amount of $250,000 pursuant to Section 21(d)(3) of the Exchange Act. (*Id.*)

1

Accordingly, the Parties respectfully request that the Court allow the consent and proposed judgment to be filed and grant this joint motion to enter the proposed final judgment against JanOne.[1]

Dated this 21st day of May, 2024.

**SECURITIES AND EXCHANGE COMMISSION**

*/s/ Ruth C. Pinkel*
Lynn M. Dean (Cal. Bar #205562)
Ruth C. Pinkel (Cal. Bar #164470)
Robert Stillwell (Cal. Bar # 308630)
444 S. Flower Street, Suite 900
Los Angeles, California 90071

*Attorneys for Plaintiff Securities and Exchange Commission*

Dated this 21st day of May, 2024.

**BUCHALTER**

*/s/ Brent R. Baker*
Brent R. Baker
Buchalter
60 E. South Temple, Suite 1200
Salt Lake City, UT 84111
bbaker@buchalter.com

*Attorney for JanOne, Inc. and Virland Johnson*

**IT IS SO ORDERED.**

_____
UNITED STATES DISTRICT JUDGE

DATED: _____May 24, 2024_____

---

[1] Should the Court determine not to enter the proposed judgment pursuant to the parties' joint motion, the SEC respectfully requests that the Court first set a status conference at which the SEC and JanOne are allowed to appear remotely.

2

## PROOF OF SERVICE

I am over the age of 18 years and not a party to this action.  My business address is:

> U.S. SECURITIES AND EXCHANGE SEC,
> 444 S. Flower Street, Suite 900, Los Angeles, California 90071
> Telephone No. (323) 965-3998; Facsimile No. (213) 443-1904.

On May 21, 2024, I caused to be served the document entitled **JOINT MOTION FOR ENTRY OF FINAL JUDGMENT AGAINST DEFENDANT JANONE INC.** on all the parties to this action addressed as stated on the attached service list:

☐   **OFFICE MAIL:**  By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices.  I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

☐   **PERSONAL DEPOSIT IN MAIL:**  By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service.  Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

☐   **EXPRESS U.S. MAIL:**  Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

☐   **HAND DELIVERY:**  I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

☐   **UNITED PARCEL SERVICE:**  By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Los Angeles, California.

☐   **ELECTRONIC MAIL:**  By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

☒   **E-FILING:**  By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

☐   **FAX:**  By transmitting the document by facsimile transmission.  The transmission was reported as complete and without error.

I declare under penalty of perjury that the foregoing is true and correct.

Date:   May 21, 2024

*/s/ Ruth C. Pinkel*
Ruth C. Pinkel

### *SEC v. Live Ventures Incorporated, et al.*
#### United States District Court – District of Nevada
#### Case No. 2:21-cv-01433-JCM-MDC

#### SERVICE LIST

Brent R. Baker (served via CM/ECF)
Buchalter
60 E. South Temple, Suite 1200
Salt Lake City, UT 84111
bbaker@buchalter.com
*Attorney for JanOne, Inc. and Virland Johnson*

Daniel J. Wadley (*pro hac vice*) (served via CM/ECF)
Nicholas P. Peterson (*pro hac vice*) (served via CM/ECF)
Greenberg Traurig, LLP
222 S. Main Street, Suite 1730
Salt Lake City, UT 84101
wadleyd@gtlaw.com
nick.peterson@gtlaw.com
*Attorneys for Defendants John Isaac a/k/a Jon Isaac and Live Ventures Incorporated*

Mark E. Ferrario (NV Bar #1625) (served via CM/ECF)
Christopher R. Miltenberger (served via CM/ECF)
Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, NV 89135
ferrariom@gtlaw.com
miltenbergerc@gtlaw.com
*Attorneys for Defendants John Isaac a/k/a Jon Isaac and Live Ventures Incorporated*

Sean T. Prosser (served via CM/ECF)
Mintz Levin Cohn Ferris Glovsky & Popeo, P.C.
3580 Carmel Mountain Road, Suite 300
San Diego, CA 92130
stprosser@mintz.com
*Attorney for Kingston Diversified Holdings LLC*

Dennis L. Kennedy, Esq. (served via CM/ECF)
Rebeca L. Crooker, Esq. (served via CM/ECF)
Bailey Kennedy
8984 Spanish Ridge Avenue
Las Vegas, NV 89148-1302
DKennedy@BaileyKennedy.com
RCrooker@BaileyKennedy.com
*Attorneys for Kingston Diversified Holdings LLC*

4

# EXHIBIT 1

LYNN M. DEAN (Cal. Bar No. 205562)
Email: deanl@sec.gov
RUTH PINKEL (Cal. Bar No. 164470)
Email: pinkelr@sec.gov
ROBERT STILLWELL (Cal. Bar No. 308630)
Email: stillwellr@sec.gov

Securities and Exchange Commission
Katharine Zoladz, Acting Regional Director
Gary Y. Leung, Associate Regional Director
Douglas Miller, Regional Trial Counsel
444 S. Flower Street, Suite 900
Los Angeles, California 90071
Telephone: (323) 965-3998
Facsimile: (213) 443-1904

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>LIVE VENTURES INCORPORATED; JANONE  INC. (f/k/a Appliance Recycling Centers of America, Inc.); JOHN ISAAC a/k/a JON ISAAC; KINGSTON DIVERSIFIED HOLDINGS LLC; and VIRLAND A. JOHNSON,<br><br>Defendants. | Case No. 2:21-cv-01433-JCM-VCF<br><br>**CONSENT OF JANONE, INC.** |

1.    Defendant JanOne, Inc. ("Defendant") acknowledges having been served with the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2.    Without admitting or denying the allegations of the complaint (except as provided herein in paragraph 12 and except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

(a)    permanently restrains and enjoins Defendant from violation of Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 thereunder [15 U.S.C. § 78j(b) and 17 C.F.R. §§ 240.10b-5]; and

(c)    orders Defendant to pay a civil penalty in the amount of $250,000 under Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].

3.    Defendant acknowledges that the civil penalty paid pursuant to the Final Judgment may be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. Regardless of whether any such Fair Fund distribution is made, the civil penalty shall be treated as a penalty paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant agrees that it shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that it is entitled to, nor shall it further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant agrees that it shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this action. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the

1

Complaint in this action.

4.    Defendant agrees that it shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Defendant further agrees that it shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

5.    Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

6.    Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

7.    Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

8.    Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

9.    Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

10.    Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

2

11.     Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding.  Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability.  Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein.  Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations.  Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization.  This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding.  In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that it shall not be permitted to contest the factual allegations of the complaint in this action.

12.     Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies the allegations."  As part of Defendant's agreement to comply with the terms of Section 202.5(e), Defendant: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendant does not admit the allegations of the complaint, or that this Consent contains no admission of the allegations, without also stating that Defendant does not deny the allegations; and (iii) upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint.  Nothing in this paragraph affects Defendant's: (i)

testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

13.    Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

14.    In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a party, Defendant (i) agrees to appear and be interviewed by Commission staff at such times and places as the staff requests upon reasonable notice; (ii) will accept service by mail or facsimile transmission of notices or subpoenas issued by the Commission for documents or testimony at depositions, hearings, or trials, or in connection with any related investigation by Commission staff; (iii) with respect to such notices and subpoenas, waives the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules, provided that the party requesting the testimony reimburses Defendant's travel, lodging, and subsistence expenses at the then-prevailing U.S. Government per diem rates; and (iv) consents to personal jurisdiction over Defendant in any United States District Court for purposes of enforcing any such subpoena.

15.    Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

4

16.     Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

JanOne, Inc.

By: _____
Antonios "Tony" Isaac
Chief Executive Officer
325 E. Warm Springs Road, Suite 102
Las Vegas, NV 89119

APPROVED AS TO FORM AND CONTENT

_____
Brent R. Baker, Esq.
Buchalter
60 E. South Temple, Suite 1200
Salt Lake City, UT 84111
Telephone: (801) 401-8616
bbaker@buchalter.com
*Attorney for JanOne, Inc.*

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

Antonios "Tony" Isaac

On May 7, 2024, Tony Isaac, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent with full authority to do so on behalf of JanOne, Inc. as its Chief Executive Officer.

_____
Notary Public
Commission expires 10/01/2024



ZHANNA ARABADZHI
Commission No. 2334611
NOTARY PUBLIC - CALIFORNIA
SAN DIEGO COUNTY
Commission Expires October 1, 2024

6

## PROOF OF SERVICE

I am over the age of 18 years and not a party to this action. My business address is:

U.S. SECURITIES AND EXCHANGE SEC,
444 S. Flower Street, Suite 900, Los Angeles, California 90071
Telephone No. (323) 965-3998; Facsimile No. (213) 443-1904.

On May 7, 2024, I caused to be served the document entitled **CONSENT OF JANONE, INC.** on all the parties to this action addressed as stated on the attached service list:

☐ **OFFICE MAIL:** By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices. I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

☐ **PERSONAL DEPOSIT IN MAIL:** By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service. Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

☐ **EXPRESS U.S. MAIL:** Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

☐ **HAND DELIVERY:** I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

☐ **UNITED PARCEL SERVICE:** By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Los Angeles, California.

☐ **ELECTRONIC MAIL:** By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

☒ **E-FILING:** By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

☐ **FAX:** By transmitting the document by facsimile transmission. The transmission was reported as complete and without error.

I declare under penalty of perjury that the foregoing is true and correct.

Date:  May 7, 2024                                    /s/ Lynn M. Dean
                                                       Lynn M. Dean

7

**_SEC v. Live Ventures Incorporated, et al._**
United States District Court – District of Nevada
Case No. 2:21-cv-01433-JCM-MDC

SERVICE LIST


Brent R. Baker (*Pro Hac Vice Application Forthcoming*) (served via CM/ECF)
Buchalter
60 E. South Temple, Suite 1200
Salt Lake City, UT 84111
bbaker@buchalter.com
*Attorney for JanOne, Inc. and Virland Johnson*

Daniel J. Wadley (*pro hac vice*) (served via CM/ECF)
Nicholas P. Peterson (*pro hac vice*) (served via CM/ECF)
Greenberg Traurig, LLP
222 S. Main Street, Suite 1730
Salt Lake City, UT 84101
wadleyd@gtlaw.com
nick.peterson@gtlaw.com
*Attorneys for Defendants John Isaac a/k/a Jon Isaac and Live Ventures Incorporated*

Mark E. Ferrario (NV Bar #1625) (served via CM/ECF)
Christopher R. Miltenberger (served via CM/ECF)
Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, NV 89135
ferrariom@gtlaw.com
miltenbergerc@gtlaw.com
*Attorneys for Defendants John Isaac a/k/a Jon Isaac and Live Ventures Incorporated*

Sean T. Prosser (served via CM/ECF)
Mintz Levin Cohn Ferris Glovsky & Popeo, P.C.
3580 Carmel Mountain Road, Suite 300
San Diego, CA 92130
stprosser@mintz.com
*Attorney for Kingston Diversified Holdings LLC*

Dennis L. Kennedy, Esq. (served via CM/ECF)
Rebeca L. Crooker, Esq. (served via CM/ECF)
Bailey Kennedy
8984 Spanish Ridge Avenue
Las Vegas, Nevada 89148-1302
DKennedy@BaileyKennedy.com
RCrooker@BaileyKennedy.com
*Attorneys for Kingston Diversified Holdings LLC*

# EXHIBIT 2

LYNN M. DEAN (Cal. Bar No. 205562)
Email: deanl@sec.gov
RUTH C. PINKEL (Cal. Bar No. 164470)
Email: pinkelr@sec.gov
ROBERT STILLWELL (Cal. Bar No. 308630)
Email: stillwellr@sec.gov

Securities and Exchange Commission
Katharine E. Zoladz, Regional Director
Gary Y. Leung, Associate Regional Director
Douglas M. Miller, Regional Trial Counsel
444 S. Flower Street, Suite 900
Los Angeles, California 90071
Telephone: (323) 965-3998
Facsimile: (213) 443-1904

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>LIVE VENTURES INCORPORATED; JANONE INC. (f/k/a Appliance Recycling Centers of America, Inc.); JOHN ISAAC a/k/a JON ISAAC; KINGSTON DIVERSIFIED HOLDINGS LLC; and VIRLAND A. JOHNSON,<br><br>Defendants. | Case No. 2:21-cv-01433-JCM-MDC<br><br>**FINAL JUDGMENT AS TO JANONE, INC.** |

The Securities and Exchange Commission having filed a Complaint and Defendant JanOne, Inc. having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

**I.**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") 15 U.S.C. §§ 78j(b), and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)    to employ any device, scheme, or artifice to defraud;

(b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

**II.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay a civil penalty in the amount of $250,000 to the Securities and Exchange Commission pursuant to Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3). Defendant shall make this payment within 30 days after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; JanOne, Inc. as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 *et seq.,* and moving for civil contempt for the violation of any Court orders issued in this action. Defendant shall pay post-judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 USC § 1961.

### III.

JanOne shall pay the total penalty due of $250,000 in four (4) installments to the Commission according to the following schedule:

(1) $62,500, within 30 days of entry of this Final Judgment;

(2) $62,500, within 120 days of entry of this Final Judgment;

(3) $62,500, within 210 days of entry of this Final Judgment; and

(4) $62,500, within 300 days of entry of this Final Judgment.

Payments shall be deemed made on the date they are received by the Commission and shall be applied first to post judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any unpaid amounts due after 30 days of the entry of Final Judgment. Prior to making the final payment set forth herein, Advisor Resource Council shall contact the staff of the Commission for the amount due for the final payment.

If JanOne fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the Commission without further application to the Court.

## IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

## V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

## VI.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: May ___, 2024


_____
UNITED STATES DISTRICT JUDGE

3

## PROOF OF SERVICE

I am over the age of 18 years and not a party to this action. My business address is:

U.S. SECURITIES AND EXCHANGE SEC,
444 S. Flower Street, Suite 900, Los Angeles, California 90071
Telephone No. (323) 965-3998; Facsimile No. (213) 443-1904.

On May 7, 2024, I caused to be served the document entitled **FINAL JUDGMENT AS TO JANONE, INC.** on all the parties to this action addressed as stated on the attached service list:

☐ **OFFICE MAIL:** By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices. I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

☐ **PERSONAL DEPOSIT IN MAIL:** By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service. Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

☐ **EXPRESS U.S. MAIL:** Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

☐ **HAND DELIVERY:** I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

☐ **UNITED PARCEL SERVICE:** By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Los Angeles, California.

☐ **ELECTRONIC MAIL:** By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

☒ **E-FILING:** By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

☐ **FAX:** By transmitting the document by facsimile transmission. The transmission was reported as complete and without error.

I declare under penalty of perjury that the foregoing is true and correct.

Date:    May 7, 2024

/s/ Lynn M. Dean
Lynn M. Dean

4

**_SEC v. Live Ventures Incorporated, et al._**
United States District Court – District of Nevada
Case No. 2:21-cv-01433-JCM-MDC

SERVICE LIST

Brent R. Baker (*Pro Hac Vice Application Forthcoming*) (served via CM/ECF)
Buchalter
60 E. South Temple, Suite 1200
Salt Lake City, UT 84111
bbaker@buchalter.com
*Attorney for JanOne, Inc. and Virland Johnson*

Daniel J. Wadley (*pro hac vice*) (served via CM/ECF)
Nicholas P. Peterson (*pro hac vice*) (served via CM/ECF)
Greenberg Traurig, LLP
222 S. Main Street, Suite 1730
Salt Lake City, UT 84101
wadleyd@gtlaw.com
nick.peterson@gtlaw.com
*Attorneys for Defendants John Isaac a/k/a Jon Isaac and Live Ventures Incorporated*

Mark E. Ferrario (NV Bar #1625) (served via CM/ECF)
Christopher R. Miltenberger (served via CM/ECF)
Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, NV 89135
ferrariom@gtlaw.com
miltenbergerc@gtlaw.com
*Attorneys for Defendants John Isaac a/k/a Jon Isaac and Live Ventures Incorporated*

Sean T. Prosser (served via CM/ECF)
Mintz Levin Cohn Ferris Glovsky & Popeo, P.C.
3580 Carmel Mountain Road, Suite 300
San Diego, CA 92130
stprosser@mintz.com
*Attorney for Kingston Diversified Holdings LLC*

Dennis L. Kennedy, Esq. (served via CM/ECF)
Rebeca L. Crooker, Esq. (served via CM/ECF)
Bailey Kennedy
8984 Spanish Ridge Avenue
Las Vegas, Nevada 89148-1302
DKennedy@BaileyKennedy.com
RCrooker@BaileyKennedy.com
*Attorneys for Kingston Diversified Holdings LLC*