MARK E. FERRARIO
Nevada Bar No. 1625
JASON K. HICKS
Nevada Bar No. 13149
JERRELL L. BERRIOS
Nevada Bar No. 15504
**GREENBERG TRAURIG, LLP**
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
Telephone: (702) 792-3773
Facsimile:  (702) 792-9002
Email:  ferrariom@gtlaw.com
        jason.hicks@gtlaw.com
        berriosj@gtlaw.com

*Attorneys for Defendants Live Ventures Incorporated,
Jon Isaac, and Virland A. Johnson*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DANIEL E. SIEGGREEN, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> LIVE VENTURES INCORPORATED, JON ISAAC, and VIRLAND A. JOHNSON, <br><br> Defendants. | Case No.: 2:21-cv-01517-CDS-EJY <br><br><br> **LIVE DEFENDANTS' ANSWER TO SECOND AMENDED CLASS ACTION COMPLAINT (ECF NO. 74)** |

Defendants Live Ventures Incorporated ("Live"), Jon Isaac ("Isaac"), and Virland A. Johnson ("Johnson," or collectively, "Live Defendants") submit their Answer to the Second Amended Complaint ("SAC") filed by Daniel A. Sieggreen ("Sieggreen").  Any allegation in the SAC not expressly admitted is denied.

I.       **NATURE OF THE ACTION AND OVERVIEW**

1.       Paragraph 1 characterizes the nature of the lawsuit, to which no response is required. To the extent a response is required, the Live Defendants denies the allegations therein and denies that any claim asserted in the SAC may be certified under FRCP 23.

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, NV 89135
(702) 792-3773
(702) 792-9002 (fax)

2.      Paragraph 2 characterizes the nature of the lawsuit, to which no response is required. To the extent a response is required, the Live Defendants admit that Isaac was Live's CEO, and that Johnson was Live's CFO. The Live Defendants deny that they are liable to Sieggreen or any putative class member with respect to the lawsuit.

3.      Paragraph 3 characterizes the nature of the lawsuit, to which no response is required. To the extent a response is required, the Live Defendants deny the allegations therein and deny that they are liable to Sieggreen or any putative class member under §10(b) of the Exchange Act and Rule10b-5(b).

4.      The Live Defendants deny the allegations in Paragraph 4.

5.      The Live Defendants admit that Live and Novalk Apps S.A.S. ("Novalk") renegotiated an amendment to a 2014 agreement for Novalk to sell software to Live, thereby reducing the accrual by $915,500 and allowing Live to record it as other income. The Live Defendants admit that the renegotiated agreement was given an effective date of September 15, 2016. The Live Defendants deny the remaining allegations in Paragraph 5 to the extent not expressly admitted.

6.      The Live Defendants admit that on December 28, 2016, Live issued a press release stating that Live's earnings per share ("EPS") were $8.92 and that the press release transparently disclosed how the EPS was calculated. The Live Defendants also admit that the December 28, 2016, press release identified the Isaac Capital Group's agreement to lock up 800,000 shares. The Live Defendants deny the remaining allegations in Paragraph 6 to the extent not expressly admitted.

7.      The Live Defendants admit that SeekingAlpha published a report about Live on January 6, 2017, the contents of which speak for themselves. The Live Defendants deny the remaining allegations in paragraph 7 to the extent not expressly admitted.

8.      The Live Defendants admit that Live acquired ApplianceSmart from JanOne, Inc. ("JanOne") on December 30, 2017 (the "ApplianceSmart Transaction"). The Live Defendants deny the remaining allegations in paragraph 8 to the extent not expressly admitted.

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, NV 89135
(702) 792-3773
(702) 792-9002 (fax)

9.      The Live Defendants admit that ApplianceSmart had an existing agreement with MidCap that placed certain restrictions on JanOne, which the Live Defendants disclosed in its Form 10-K filings. The Live Defendants deny the remaining allegations in paragraph 9 to the extent not expressly admitted.

10.      The Live Defendants deny the allegations in Paragraph 10.

11.      The Live Defendants deny the allegations in Paragraph 11.

12.      The Live Defendants admit that it restated its financial statements for the quarters ended December 31, 2019, and March 31, 2019. The Live Defendants deny the remaining allegations in Paragraph 12 to the extent not expressly admitted.

13.      The Live Defendants admit that the SEC filed an action against the Live Defendants that is currently pending before the Honorable James C. Mahan, case no. 2:21-cv-01433-JCM-VCF (the "SEC Action"), the contents of which speak for themselves. The Live Defendants deny the remaining allegations in Paragraph 13 to the extent not expressly admitted.

14.      The Live Defendants admit that Judge Mahan denied Live Defendants' and JanOne's motions to dismiss the SEC Action. The Live Defendants deny the remaining allegations in Paragraph 14 to the extent not expressly admitted.

## II.      JURISDICTION AND VENUE

15.      The allegations in Paragraph 15 state a legal conclusion to which no response is required.

16.      The allegations in Paragraph 16 state a legal conclusion to which no response is required.

17.      The allegations in Paragraph 17 state a legal conclusion to which no response is required. To the extent a response is required, the Live Defendants deny the allegations therein.

18.      The allegations in Paragraph 18 state a legal conclusion to which no response is required. To the extent a response is required, the Live Defendants deny the allegations therein.

## III.      PARTIES AND RELEVANT NON-PARTIES

19.      The Live Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19, and therefore deny them.

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, NV 89135
(702) 792-3773
(702) 792-9002 (fax)

20. The Live Defendants admit the allegations in Paragraph 20.

21. The Live Defendants admit that Isaac was Live's CEO at all relevant times, was a director of Live since December 2011, was Live's CFO from February 2013 to January 2017, and became President and CEO of Live in January 2012. The Live Defendants further admit that Isaac studied at the University of Ottawa. The Live Defendants further admit that Isaac owns Isaac Capital Group LLC ("ICG"). The Live Defendants deny the remaining allegations in Paragraph 21 to the extent not expressly admitted.

22. The Live Defendants deny that Johnson is a CPA in Arizona. The Live Defendants admit the remaining allegations in Paragraph 22.

23. The Live Defendants deny the allegations in Paragraph 23.

24. The Live Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24, and therefore deny them.

25. The Live Defendants admit that Tony Isaac is Isaac's father. The Live Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 25, and therefore deny them.

26. The Live Defendants admit that, in 2014, Novalk entered into a software purchase agreement with Live. The Live Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 26, and therefore deny them.

## IV. SUBSTANTIVE ALLEGATIONS

27. The Live Defendants admit that Live was originally named the Nuclear Corporation of New Mexico. The Live Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 27.

28. The Live Defendants admit that Tony and Jon Isaac joined Live as members of the board of directors and that, in January 2012, Jon Isaac was appointed as Live's CEO and President. The Live Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 28, and therefore deny them.

29. The Live Defendants deny that the strategic shift was "under [Jon] Isaac," but was a shift approved by Live's board. The Live Defendants admit the remaining allegations in

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, NV 89135
(702) 792-3773
(702) 792-9002 (fax)

Paragraph 29.

30.    The Live Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30, and therefore deny them.

31.    The Live Defendants admit the allegations in Paragraph 31.

32.    The Live Defendants deny the allegations in Paragraph 32.

33.    The Live Defendants admit that Live and Novalk amended a 2014 agreement for Novalk to sell software to Live.  The Live Defendants admit that Yunis was the CEO of Novalk and is a friend of Jon Isaac's. The Live Defendants deny the remaining allegations in Paragraph 33 to the extent not expressly admitted.

34.    The Live Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34, and therefore deny them.

35.    The Live Defendants admit that Isaac emailed Yunis on November 30, 2016, the contents of which speak for themselves. The Live Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 35, and therefore deny them.

36.    The Live Defendants admit that Isaac emailed Johnson on December 5, 2016, the contents of which speak for themselves. The Live Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36, and therefore deny them.

37.    The Live Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37, and therefore deny them.

38.    The Live Defendants admit that the Novalk Amendment had an effective date of September 15, 2016. The Live Defendants deny the allegations in Paragraph 38 to the extent not expressly admitted.

39.    The Live Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39, and therefore deny them.

40.    The Live Defendants deny the allegations in Paragraph 40.

41.    The Live Defendants lack knowledge or information sufficient to form a belief as

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, NV 89135
(702) 792-3773
(702) 792-9002 (fax)

to the truth of the allegations in Paragraph 41, and therefore deny them.

42.     The Live Defendants admit that Live had approximately 2.8 million shares of common stock outstanding that were reduced to approximately 2 million shares of common stock outstanding by Isaac Capital Group's agreement to lock up 800,000 shares of common stock, and that such a reduction in the denominator of shares would result in an increase in EPS (common stock), as reflected in the December 28, 2016, press release.  The Live Defendants deny the allegations in Paragraph 42 to the extent not expressly admitted.

43.     The Live Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43, and therefore deny them.

44.     The Live Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 44, and therefore deny them.

45.     The Live Defendants admit the allegations in Paragraph 45.

46.     The Live Defendants admit the allegations in Paragraph 46.

47.     The Live Defendants deny the allegations in Paragraph 47.

48.     The Live Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48, and therefore deny them.

49.     The Live Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49, and therefore deny them.

50.     The Live Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50, and therefore deny them.

51.     The Live Defendants deny the allegations in Paragraph 51.

52.     The Live Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52, and therefore deny them.

53.     The Live Defendants admit that Live filed its 2016 Form 10-K on December 29, 2016. The Live Defendants deny the remaining allegations in Paragraph 53 to the extent not expressly admitted.

54.     The Live Defendants admit the allegations in Paragraph 54.

55.     The Live Defendants admit that they did not hold a public conference call to discuss

Live's FY 2016 financial results, but deny that it was somehow "telling."

56.    The Live Defendants admit that SeekingAlpha, a crowdsourced network of independent contributors, "published a report" about Live on January 6, 2017.

57.    The Live Defendants admit that the January 6, 2017, article from an independent contributor was authored, and the contents of the article speak for themselves. The Live Defendants deny the allegations in Paragraph 57 to the extent not expressly admitted.

58.    The Live Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58, and therefore deny them.

59.    The Live Defendants admit that Live issued a press release on January 9, 2017, the contents of which speak for themselves. The Live Defendants deny the allegations in Paragraph 59 to the extent not expressly admitted.

60.    The Live Defendants admit that a public conference call was held on February 9, 2017, the contents of which speaks for themselves.  The Live Defendants deny the allegations in Paragraph 60 to the extent not expressly admitted.

61.    The Live Defendants admit the allegations in Paragraph 61.

62.    The Live Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62, and therefore deny them.

63.    The Live Defendants admit that Live and JanOne entered into a Stock Purchase Agreement ("SPA") for the purchase of ApplianceSmart with an effective date of December 30, 2017. The Live Defendants deny the allegations in Paragraph 63 to the extent not expressly admitted.

64.    The Live Defendants admit that, in its Form 10-K filings, Live transparently disclosed the terms of the acquisition of ApplianceSmart. The Live Defendants deny the allegations in Paragraph 64 to the extent not expressly admitted.

65.    The Live Defendants admit that ApplianceSmart had an existing agreement with MidCap that placed certain restrictions on JanOne, which Live disclosed in its Form 10-K filings. The Live Defendants deny the allegations in Paragraph 65 to the extent not expressly admitted.

66.    The Live Defendants admit that Live issued a January 8, 2018, press release, the

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, NV 89135
(702) 792-3773
(702) 792-9002 (fax)

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, NV 89135
(702) 792-3773
(702) 792-9002 (fax)

contents of which speak for themselves. The Live Defendants deny the allegations in Paragraph 66 to the extent not expressly admitted.

67.    Live admits that it filed a Q1 2018 Form 10-Q with the SEC on February 14, 2018, the contents of which speaks for themselves. The Live Defendants deny the allegations in Paragraph 67 to the extent not expressly admitted.

68.    The Live Defendants admit that Isaac and Johnson held a February 14, 2018, public conference call, the contents of which speak for themselves. The Live Defendants deny the allegations in Paragraph 68 to the extent not expressly admitted.

69.    The Live Defendants deny the allegations in Paragraph 69.

70.    The Live Defendants deny the allegations in Paragraph 70.

71.    The Live Defendants admit the allegations in Paragraph 71.

72.    The Live Defendants deny the allegations in Paragraph 72.

73.    The Live Defendants admit that Live provided a letter to SingerLewak dated February 14, 2018, the contents of which speak for themselves. The Live Defendants deny that the letter was misleading and any other allegation in Paragraph 73 to the extent not expressly admitted.

74.    The Live Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74, and therefore deny them.

75.    The Live Defendants admit the allegations in Paragraph 75.

76.    The Live Defendants admit the allegations in Paragraph 76.

77.    The Live Defendants admit that Live filed amended Form 10-Qs for the quarters ended December 31, 2016, March 31, 2017, and June 30, 2017, with the SEC, the contents of which speak for themselves. The Live Defendants deny the allegations in Paragraph 77 to the extent not expressly admitted.

78.    The contents of the amended Form 10-Qs speak for themselves. The Live Defendants deny the allegations in Paragraph 78 to the extent not expressly admitted.

79.    The contents of Live's SEC filings speak for themselves. The Live Defendants deny the allegations in Paragraph 79 to the extent not expressly admitted.

80.    The Live Defendants lack knowledge or information sufficient to form a belief as

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, NV 89135
(702) 792-3773
(702) 792-9002 (fax)

to the truth of the allegations in Paragraph 80, and therefore deny them.

81.    The Live Defendants deny the allegations in Paragraph 81.

82.    The Live Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82, and therefore deny them.

83.    The Live Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83, and therefore deny them.

84.    The Live Defendants admit the allegations in Paragraph 84.

85.    The Live Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85, and therefore deny them.

86.    The Live Defendants admit the allegations in Paragraph 86.

87.    The Live Defendants admit the allegations in Paragraph 87.

88.    The Live Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88, and therefore deny them.

89.    The Live Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89, and therefore deny them.

90.    The Live Defendants admit that it filed a Form 10-K with the SEC, the contents of which speak for themselves. The Live Defendants deny the allegations in Paragraph 90 to the extent not expressly admitted.

91.    The Live Defendants admit that it filed a Form 10-K with the SEC, the contents of which speak for themselves. The Live Defendants deny the allegations in Paragraph 91 to the extent not expressly admitted.

92.    The Live Defendants admit the allegations in Paragraph 92.

93.    The Live Defendants admit the allegations in Paragraph 93.

94.    The Live Defendants admit that the 2017 Form 10-K was filed with the SEC, the contents of which speak for themselves. The Live Defendants deny the allegations in Paragraph 94 to the extent not expressly admitted.

95.    The Live Defendants admit the allegations in Paragraph 95.

96.    The Live Defendants admit that it filed the 2018 Form 10-K and the Schedule 14A,

Proxy Statement with the SEC, the contents of which speak for themselves. The Live Defendants deny the allegations in Paragraph 96 to the extent not expressly admitted.

97. The Live Defendants deny the allegations in Paragraph 97.

98. The Live Defendants admit the allegations in Paragraph 98.

99. The Live Defendants admit that a public conference call was held on February 13, 2019, the contents of which speak for themselves. The Live Defendants deny the allegations in Paragraph 99 to the extent not expressly admitted.

100. The Live Defendants admit the allegations in Paragraph 100.

101. The Live Defendants admit that ApplianceSmart filed a voluntary petition in the U.S. Bankruptcy Court for the Southern District of New York, the contents of such petition speak for themselves. The Live Defendants deny the allegations in Paragraph 101 to the extent not expressly admitted.

102. The Live Defendants admit that it issued a press release on January 24, 2020, and that it filed its 2019 Form 10-K with the SEC, the contents of which speak for themselves. The Live Defendants deny the allegations in Paragraph 102 to the extent not expressly admitted.

103. The Live Defendants admit the allegations in Paragraph 103.

104. The Live Defendants admit the allegations in Paragraph 104.

105. The Live Defendants admit the allegations in Paragraph 105.

106. The Live Defendants admit the allegations in Paragraph 106.

107. The Live Defendants admit that the SEC made allegations in the SEC Action that are detailed in the Complaint attached as Exhibit A to the SAC, the contents of which speak for themselves.

108. The Live Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 108, and therefore deny them.

109. The Live Defendants admit the allegations in Paragraph 109.

110. The Live Defendants admit the allegations in Paragraph 110.

111. The Live Defendants admit that they moved to dismiss in the SEC Action and that Judge Mahan denied the motions to dismiss.

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, NV 89135
(702) 792-3773
(702) 792-9002 (fax)

112. The Live Defendants admit that Judge Mahan's Order held that the SEC sufficiently pleaded allegations to state a claim.

113. The Live Defendants admit that Judge Mahan's Order held that the SEC sufficiently pleaded allegations to state a claim.

114. The Live Defendants admit that Judge Mahan's Order held that the SEC sufficiently pleaded allegations to state a claim.

115. The Live Defendants admit that Judge Mahan's Order held that the SEC sufficiently pleaded allegations to state a claim.

116. The Live Defendants admit that Judge Mahan entered a proposed final judgment against JanOne in the SEC Action on May 24, 2024.

117. The allegations in Paragraph 117 state a legal conclusion to which no response is required.

118. The allegations in Paragraph 118 state a legal conclusion to which no response is required.

119. The allegations in Paragraph 119 state a legal conclusion to which no response is required.

120. The allegations in Paragraph 120 state a legal conclusion to which no response is required.

121. The allegations in Paragraph 121 state a legal conclusion to which no response is required.

122. The allegations in Paragraph 122 state a legal conclusion to which no response is required.

123. The allegations in Paragraph 123 state a legal conclusion to which no response is required.

124. The Live Defendants deny the allegations in Paragraph 124.

125. The allegations in Paragraph 125 state a legal conclusion to which no response is required.

126. The allegations in Paragraph 126 state a legal conclusion to which no response is

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, NV 89135
(702) 792-3773
(702) 792-9002 (fax)

required.

127.    The Live Defendants deny the allegations in Paragraph 127, including all its subparts.

128.    The Live Defendants deny the allegations in Paragraph 128.

129.    The Live Defendants admit the allegations in Paragraph 129.

130.    The Live Defendants deny the allegations in Paragraph 130.

131.    The allegations in Paragraph 131 state a legal conclusion to which no response is required.

132.    The allegations in Paragraph 132 state a legal conclusion to which no response is required.

133.    The allegations in Paragraph 133 state a legal conclusion to which no response is required.

134.    The allegations in Paragraph 134 state a legal conclusion to which no response is required.

135.    The allegations in Paragraph 135 state a legal conclusion to which no response is required.

136.    The Live Defendants deny the allegations in Paragraph 136.

137.    The Live Defendants deny the allegations in Paragraph 137.

138.    The Live Defendants admit the allegations in Paragraph 138.

139.    The Live Defendants deny the allegations in Paragraph 139.

140.    The Live Defendants deny the allegations in Paragraph 140.

141.    The Live Defendants admit that Live filed a 14A Proxy Statement with the SEC on June 2, 2017, the contents of which speak for themselves. The Live Defendants deny the allegations in Paragraph 141 to the extent not expressly admitted.

142.    The Live Defendants admit the allegations in Paragraph 142.

143.    The Live Defendants admit the allegations in Paragraph 143.

144.    The Live Defendants deny the allegations in Paragraph 144.

145.    Live and Isaac admit that Live had an employment agreement with Isaac entitling

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, NV 89135
(702) 792-3773
(702) 792-9002 (fax)

Isaac to reimbursement for all reasonable business expenses, including a housing allowance. The Live Defendants deny the allegations in Paragraph 145 to the extent not expressly admitted.

146. The Live Defendants admit that Live filed a Schedule 14A Proxy Statement with the SEC on June 25, 2018, the contents of which speak for themselves. The Live Defendants deny the allegations in Paragraph 146 to the extent not expressly admitted.

147. The Live Defendants admit the allegations in Paragraph 147.

148. The Live Defendants admit the allegations in Paragraph 148.

149. Live and Isaac admit that Live had an employment agreement with Isaac entitling Isaac to reimbursement for all reasonable business expenses, including a housing allowance. The Live Defendants deny the allegations in Paragraph 149 to the extent not expressly admitted.

150. The Live Defendants admit the allegations in Paragraph 150.

151. The Live Defendants deny the allegations in Paragraph 151.

152. The Live Defendants admit the allegations in Paragraph 152.

153. The Live Defendants admit the allegations in Paragraph 153.

154. The Live Defendants deny the allegations in Paragraph 154.

155. The Live Defendants admit the allegations in Paragraph 155.

156. The Live Defendants admit the allegations in Paragraph 156.

157. The Live Defendants deny the allegations in Paragraph 157.

158. The Live Defendants admit that it issued a press release on January 9, 2017, the contents of which speak for themselves. The Live Defendants deny the allegations in Paragraph 158 to the extent not expressly admitted.

159. The Live Defendants admit Live held a public conference call on February 9, 2017, the contents of which speak for themselves. The Live Defendants deny the allegations in Paragraph 159 to the extent not expressly admitted.

160. The Live Defendants deny the allegations in Paragraph 160.

161. The Live Defendants admit the allegations in Paragraph 161.

162. The Live Defendants admit the allegations in Paragraph 162.

163. The Live Defendants admit the allegations in Paragraph 163.

164.    The Live Defendants admit the allegations in Paragraph 164.

165.    The Live Defendants admit the allegations in Paragraph 165.

166.    The Live Defendants deny the allegations in Paragraph 166.

167.    The Live Defendants admit the allegations in Paragraph 167.

168.    The Live Defendants deny the allegations in Paragraph 168.

169.    The Live Defendants deny the allegations in Paragraph 169.

170.    The Live Defendants deny the allegations in Paragraph 170.

171.    The Live Defendants admit the allegations in Paragraph 171.

172.    The Live Defendants admit the allegations in Paragraph 172.

173.    The Live Defendants admit the allegations in Paragraph 173.

174.    The Live Defendants admit the allegations in Paragraph 174.

175.    The Live Defendants admit the allegations in Paragraph 175.

176.    The Live Defendants deny the allegations in Paragraph 176.

177.    The Live Defendants admit the allegations in Paragraph 177.

178.    The Live Defendants admit the allegations in Paragraph 178.

179.    The Live Defendants deny the allegations in Paragraph 179.

180.    The Live Defendants admit the allegations in Paragraph 180.

181.    The Live Defendants admit the allegations in Paragraph 181.

182.    The Live Defendants admit the allegations in Paragraph 182.

183.    The Live Defendants admit the allegations in Paragraph 183.

184.    The Live Defendants deny the allegations in Paragraph 184.

185.    Paragraph 185 characterizes the nature of the lawsuit, to which no response is required. To the extent a response is required, the Live Defendants denies the allegations therein and denies that any claim asserted in the SAC may be certified under FRCP 23.

186.    The Live Defendants deny the allegations in Paragraph 186 that the numerosity requirement of FRCP 23 can be satisfied in this case. The Live Defendants further deny that any putative class is ascertainable. The Live Defendants denies all remaining allegations in Paragraph 186, and further denies that Sieggreen's claims are appropriate for class treatment.

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, NV 89135
(702) 792-3773
(702) 792-9002 (fax)

187.   The Live Defendants deny the allegations in Paragraph 187.

188.   The Live Defendants deny the allegations in Paragraph 188.

189.   The Live Defendants deny the allegations in Paragraph 189, including all its subparts.

190.   The Live Defendants deny the allegations in Paragraph 190.

191.   The Live Defendants deny the allegations in Paragraph 191, including all its subparts.

192.   The Live Defendants deny the allegations in Paragraph 192.

193.   The Live Defendants deny the allegations in Paragraph 193.

194.   The Live Defendants deny the allegations in Paragraph 194.

195.   The Live Defendants deny the allegations in Paragraph 195.

196.   The Live Defendants deny the allegations in Paragraph 196.

197.   The Live Defendants deny the allegations in Paragraph 197.

198.   The Live Defendants deny the allegations in Paragraph 198.

199.   The Live Defendants deny the allegations in Paragraph 199.

200.   The Live Defendants deny the allegations in Paragraph 200.

201.   The Live Defendants deny the allegations in Paragraph 201.

202.   The Live Defendants deny the allegations in Paragraph 202.

203.   The Live Defendants deny the allegations in Paragraph 203.

204.   The Live Defendants deny the allegations in Paragraph 204.

205.   The Live Defendants deny the allegations in Paragraph 205.

206.   The Live Defendants deny the allegations in Paragraph 206.

207.   The Live Defendants deny the allegations in Paragraph 207.

208.   The Live Defendants deny the allegations in Paragraph 208.

209.   The Live Defendants deny the allegations in Paragraph 209.

210.   The Live Defendants admit the allegations in Paragraph 210.

211.   The Live Defendants deny the allegations in Paragraph 211.

212.   The Live Defendants deny the allegations in Paragraph 212.

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, NV 89135
(702) 792-3773
(702) 792-9002 (fax)

213. The Live Defendants deny the allegations in Paragraph 213.

214. The Live Defendants deny the allegations in Paragraph 214.

215. The Live Defendants deny the allegations in Paragraph 215.

216. The Live Defendants deny the allegations in Paragraph 216.

217. The Live Defendants admit the allegations in Paragraph 217.

218. The Live Defendants admit the allegations in Paragraph 218.

219. The Live Defendants admit the allegations in Paragraph 219.

220. The Live Defendants admit that the SEC filed the SEC Action, the contents of which action speak for themselves.

221. The Live Defendants admit that Judge Mahan entered an Order denying the Live Defendants' motions to dismiss in the SEC Action, the contents of which speak for themselves.

222. The Live Defendants admit that Judge Mahan entered a proposed final judgment against JanOne on May 24, 2024.

223. The Live Defendants deny the allegations in Paragraph 223.

224. The Live Defendants admit the allegations in Paragraph 224.

225. The Live Defendants deny the allegations in Paragraph 225.

226. The Live Defendants admit the allegations in Paragraph 226.

227. The Live Defendants admit the allegations in Paragraph 227.

228. The Live Defendants admit the allegations in Paragraph 228.

229. The Live Defendants admit the allegations in Paragraph 229.

230. The Live Defendants admit the allegations in Paragraph 230.

231. The Live Defendants deny the allegations in Paragraph 231.

232. The Live Defendants admit the allegations in Paragraph 232.

233. The Live Defendants admit the allegations in Paragraph 233.

234. The Live Defendants admit that one auditor was dismissed while three auditors resigned. The Live Defendants deny the allegations in Paragraph 234 to the extent not expressly admitted.

235. The Live Defendants admit the allegations in Paragraph 235.

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, NV 89135
(702) 792-3773
(702) 792-9002 (fax)

236.	The Live Defendants admit that Live dismissed an auditor. The Live Defendants deny the allegations in Paragraph 236 to the extent not expressly admitted.

237.	The Live Defendants admit the allegations in Paragraph 237.

238.	The Live Defendants admit that Live provided a management representation letter to Anton & Chia dated December 28, 2016, the contents of which speak for themselves. The Live Defendants deny the allegations in Paragraph 238 to the extent not expressly admitted.

239.	The Live Defendants admit the allegations in Paragraph 239.

240.	The Live Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 240, and therefore deny them.

241.	The Live Defendants admit the allegations in Paragraph 241.

242.	The Live Defendants admit the allegations in Paragraph 242.

243.	The Live Defendants deny the allegations in Paragraph 243.

244.	The Live Defendants admit the allegations in Paragraph 244.

245.	The Live Defendants admit the allegations in Paragraph 245, but deny that the statement was misleading.

246.	The Live Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 246, and therefore deny them.

247.	The Live Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 247, and therefore deny them.

248.	The Live Defendants admit that Live engaged WSRP, LLC and WSRP, LLC opted not to seek re-appointment as Live's auditor. The Live Defendants deny the allegations in Paragraph 248 to the extent not expressly admitted.

249.	The Live Defendants deny the allegations in Paragraph 249.

250.	The allegations in Paragraph 250 state a legal conclusion to which no response is required.

251.	The allegations in Paragraph 251 state a legal conclusion to which no response is required.

252.	The allegations in Paragraph 252 state a legal conclusion to which no response is

required.

253. The allegations in Paragraph 253 state a legal conclusion to which no response is required.

254. The Live Defendants deny the allegations in Paragraph 254.

255. The Live Defendants deny the allegations in Paragraph 255.

256. The allegations in Paragraph 256 state a legal conclusion to which no response is required.

257. The Live Defendants deny the allegations in Paragraph 257.

258. The Live Defendants deny the allegations in Paragraph 258.

259. The Live Defendants deny the allegations in Paragraph 259.

260. The Live Defendants deny the allegations in Paragraph 260.

261. The Live Defendants deny the allegations in Paragraph 261.

262. The Live Defendants deny the allegations in Paragraph 262.

263. The Live Defendants deny that the fraud-on-the-market doctrine applies and the allegations in Paragraph 263.

264. The Live Defendants deny the allegations in Paragraph 264.

265. The Live Defendants deny the allegations in Paragraph 265.

266. The Live Defendants deny the allegations in Paragraph 266.

### FIRST CLAIM
Violation of Section 10(b) of the Exchange Act and
Rule 10b-5(b) Promulgated Thereunder
Against the Live Defendants

267. The Live Defendants adopt, reallege, and incorporate by reference their responses to the allegations in the preceding paragraphs.

268. The Live Defendants deny the allegations in Paragraph 268.

269. The Live Defendants deny the allegations in Paragraph 269.

270. The Live Defendants deny the allegations in Paragraph 270.

271. The Live Defendants deny the allegations in Paragraph 271.

272. The Live Defendants deny the allegations in Paragraph 272.

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, NV 89135
(702) 792-3773
(702) 792-9002 (fax)

273.    The Live Defendants deny the allegations in Paragraph 273.

274.    The Live Defendants deny the allegations in Paragraph 274.

275.    The Live Defendants deny the allegations in Paragraph 275.

276.    The Live Defendants deny the allegations in Paragraph 276.

277.    The Live Defendants deny the allegations in Paragraph 277.

## SECOND CLAIM

Violation of Section 20(a) of the Exchange Act
Against the Individual Defendants

278.    The Live Defendants adopt, reallege, and incorporate by reference their responses to the allegations in the preceding paragraphs.

279.    The Live Defendants deny the allegations in Paragraph 279.

280.    The Live Defendants deny the allegations in Paragraph 280.

281.    The Live Defendants deny the allegations in Paragraph 281.

## THIRD CLAIM

Violation of Section 10(b) of the Exchange Act and
Rule 10b-5(a) and 10b-5(c) Promulgated Thereunder
Against the Live Defendants

282.    The Live Defendants adopt, reallege, and incorporate by reference their responses to the allegations in the preceding paragraphs.

283.    The Live Defendants deny the allegations in Paragraph 283.

284.    The Live Defendants deny the allegations in Paragraph 284.

285.    The Live Defendants deny the allegations in Paragraph 285.

286.    The Live Defendants deny the allegations in Paragraph 286.

287.    The Live Defendants deny the allegations in Paragraph 287.

288.    The Live Defendants deny the allegations in Paragraph 288.

289.    The Live Defendants deny the allegations in Paragraph 289.

290.    The Live Defendants deny the allegations in Paragraph 290.

291.    The Live Defendants deny the allegations in Paragraph 291.

292.    The Live Defendants deny the allegations in Paragraph 292.

## FOURTH CLAIM

Violation of Section 10(b) of the Exchange Act and
Rule 10b-5(a) and 10b-5(c) Promulgated Thereunder
Against the Live Defendants and JanOne

293.    The Live Defendants adopt, reallege, and incorporate by reference their responses to the allegations in the preceding paragraphs.

294.    The Live Defendants deny the allegations in Paragraph 294.

295.    The Live Defendants deny the allegations in Paragraph 295.

296.    The Live Defendants deny the allegations in Paragraph 296.

297.    The Live Defendants deny the allegations in Paragraph 297.

298.    The Live Defendants deny the allegations in Paragraph 298.

299.    The Live Defendants deny the allegations in Paragraph 299.

300.    The Live Defendants deny the allegations in Paragraph 300.

301.    The Live Defendants deny the allegations in Paragraph 301.

302.    The Live Defendants deny the allegations in Paragraph 302.

303.    The Live Defendants deny the allegations in Paragraph 303.

304.    The Live Defendants deny the allegations in Paragraph 304.

305.    The Live Defendants deny the allegations in Paragraph 305.

## PRAYER FOR RELIEF

306.    In response to the Prayer for Relief, including the Wherefore clause and all subparts, the Live Defendants deny that Sieggreen or any putative class has any claims or is entitled to any relief.

## GENERAL DENIAL

307.    The Live Defendants deny all allegations not specifically admitted as true.

## AFFIRMATIVE DEFENSES

The Live Defendants, without altering the burdens of proof the parties must bear, asserts the following affirmative defenses.  The Live Defendants specifically incorporate into the affirmative defenses their answers to the preceding paragraphs as if fully set forth herein.  The Live Defendants have not completed investigation of the facts of this case or their discovery.  The

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, NV 89135
(702) 792-3773
(702) 792-9002 (fax)

Live Defendants thus reserve the right to modify, amend, or supplement their affirmative defenses at any time.

1.    Failure to State a Claim.  Sieggreen's SAC, and each purported cause of action therein, fail to state a claim for which relief can be granted.

2.    Failure to Join.  Sieggreen's claims are barred from relief for failure to join necessary and indispensable parties.

3.    Failure to Mitigate.  Sieggreen failed to mitigate damages, if any, and failed to prevent avoidable harm.

4.    Estoppel.  Sieggreen's claims for relief are barred by the doctrine of estoppel.

5.    Laches.  Sieggreen's claims for relief are barred by the doctrine of laches.

6.    Unclean Hands.  Sieggreen's claims are barred by the doctrine of unclean hands.

7.    Proximate Cause. The Live Defendants did not cause, actually or proximately, any of the injuries alleged in the SAC.

8.    Intervening Cause. The claims asserted in the SAC are barred, in whole or in part, because any alleged injury was caused, in whole or in part, by the acts or omissions of persons or entities other than the Live Defendants. Such intervening and superseding conduct bars and/or diminishes recovery, if any, by Sieggreen and the putative class members against the Live Defendants.

9.    Failure to Certify. Sieggreen's claims, and those of any putative class alleged in the SAC, may not be certified or maintained as a class action because, among other reasons, Plaintiff cannot satisfy the prerequisites to a class action under Federal Rule of Civil Procedure 23, Sieggreen cannot properly or adequately represent the interests of others, the claims of the putative class members do not satisfy the prerequisites to a class action, liability cannot be assessed without individual testimony and evidence from Sieggreen and each putative class member, and the damages sought by the Sieggreen on behalf of the alleged class cannot be recovered without specific proof of injury and damage by each putative class member.

10.    Speculative Damages. The claims asserted in the SAC are barred, in whole or in part, because any damages sought are speculative or remote.

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, NV 89135
(702) 792-3773
(702) 792-9002 (fax)

11.    Standing. Sieggreen and the putative class members lack standing to assert the claims alleged against the Live Defendants in the Complaint.

12.    No Material Omissions or Misleading Statements. Sieggreen and the putative class members' claims fail because the Live Defendants did not make any material omissions or misleading statements.

13.    No Scienter. Sieggreen and the putative class members' claims fail because no facts support scienter.

14.    No Materiality. Sieggreen and the putative class members' claims fail because no facts support materiality.

15.    Additional Affirmative Defenses. All possible affirmative defenses may not have been alleged herein insofar as sufficient facts were not available after reasonable inquiry upon the filing of this Answer and, therefore, the Live Defendants reserve their right to amend their Answer to allege additional affirmative defenses if subsequent investigation warrants.

WHEREFORE, the Live Defendants pray for judgment as follows:

1.    That Sieggreen and any putative class member takes nothing by virtue of the SAC and that the same be dismissed with prejudice;

2.    For an award of reasonable attorney fees and costs of suit incurred in the defense of this action; and

3.    For such other and further relief as this Court may deem just and proper.

Dated this 1st day of December 2025.

GREENBERG TRAURIG, LLP

*/s/ Mark E. Ferrario*
MARK E. FERRARIO, ESQ.
Nevada Bar No. 1625
JASON K. HICKS, ESQ.
Nevada Bar No. 13149
JERRELL L. BERRIOS, ESQ.
Nevada Bar No. 15504
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada  89135
*Attorneys for Defendants Live Ventures Incorporated, Jon Isaac, and Virland A. Johnson*

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, NV 89135
(702) 792-3773
(702) 792-9002 (fax)

**CERTIFICATE OF SERVICE**

Under Fed. R. Civ. P. 5(b), I hereby certify that on the 1st day of December 2025, a true and correct copy of the foregoing *Answer to Second Amended Complaint* was filed electronically via the Court's CM/ECF system.  Notice of filing will be served on all parties registered to this case by operation of the Court's CM/ECF system, and parties may access this filing through the Court's CM/ECF system.

/s/ Andrea Lee Rosehill
An employee of Greenberg Traurig, LLP

Greenberg Traurig, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, NV 89135
(702) 792-3773
(702) 792-9002 (fax)