GARMAN TURNER GORDON LLP
DYLAN T. CICILIANO
NV Bar No. 12348
Email: dciciliano@gtg.legal
7251 Amigo Drive, Suite 210
Las Vegas, Nevada 89119
Tel: (725) 777-3000
Fax: (725) 777-3112

THOMPSON HINE LLP
RICARDO DEBARI *(Pro Hac Vice Forthcoming)*
Email: Riccardo.DeBari@ThompsonHine.com
BRIAN LANCIAULT *(Pro Hac Vice Forthcoming)*
Email: Brian.Lanciault@ThompsonHine.com
EDWARD G. BABBITT *(Pro Hac Vice Forthcoming)*
Email: Ned.Babbitt@ThompsonHine.com
300 Madison Avenue, 27th Floor
New York, New York 10017
Tel: (212) 344-5680
Fax: (212) 344-6101

*Attorneys for Defendant JanOne, Inc.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| DANIEL E. SIEGGREEN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>LIVE VENTURES INCORPORATED, JON ISAAC, VIRLAND A. JOHNSON, AND JANONE INC.<br><br>Defendants, | CASE NO.: 2:21-cv-01517-CDS-EJY<br><br>**DEFENDANT JANONE INC.'S ANSWER TO SECOND AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS** |

Defendant JanOne, Inc. ("JanOne" and "Defendant"),[1] through counsel, Garman Turner Gordon LLP and Thompson Hine LLP, hereby answers the Second Amended Complaint ("Complaint") filed by Plaintiff Daniel E. Sieggreen ("Plaintiff") as follows:

---

[1] After the commencement of this action and effective July 15, 2024, JanOne changed its name to ALT5 Sigma Corporation. *See* ALT5 Sigma Corporation, Form 8-K (filed July 17, 2024), at 2, https://www.sec.gov/ix?doc=/Archives/edgar/data/0000862861/000149315224028152/form8-k.htm (accessed Dec. 1, 2025).

Garman Turner Gordon
7251 Amigo Street
Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

1 of 51

## GENERAL DENIAL AND RESERVATION OF RIGHTS

For its answer (the "Answer"), Defendant denies all allegations in the Complaint except as otherwise affirmatively admitted herein. Any factual allegation admitted below is admitted only as to the specific facts and not as to any conclusions (legal or otherwise), characterizations, implications, or speculation contained in the allegation. Numerous paragraphs in the Complaint allege or call for legal conclusions to which no response is required. To the extent responses to such allegations are construed to contain substantive allegations to which a response is required, they are denied. A substantial number of allegations likewise are directed at and pertain to actions or the intent of other defendants, or alleged schemes that Defendant is not alleged to have participated in or taken actions in connection with. Except as otherwise affirmatively stated herein, Defendant lacks knowledge or information sufficient to form a belief as to the truth of allegations relating to the actions or intent of other entities or individuals, and denies the allegation on that basis. The Complaint also contains a table of contents, preamble, definitions, section titles, other organizational headings, and footnotes to which no response is required. To the extent any such table of contents, preamble, definitions, section titles, other organizational headings, or footnotes in the Complaint are construed to contain substantive allegations to which a response is required, they are hereby denied unless otherwise affirmatively stated.  To the extent that Defendant uses terms defined in the Complaint in this Answer, such use is not an acknowledgment or admission of any characterization that Plaintiff seeks to associate with any such defined term.

Defendant has previously responded to many of the allegations in the Complaint in the context of its answer to the SEC Action (as that term is defined in the Complaint). However, Defendant's review of the relevant facts is ongoing. Defendant's response to the Complaint and its defenses thereto are based on its review of the facts to date, and it reserves all rights to amend and/or supplement this Answer as its review continues.

/ / /

/ / /

/ / /

Garman Turner Gordon
7251 Amigo Street
Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

I.

## NATURE OF THE ACTION AND OVERVIEW

1.    Answering Paragraph 1 of the Complaint, Defendant denies the allegations, except admits that Paragraph 1 purports to describe the nature of the action Plaintiff brings.

2.    Answering Paragraph 2 of the Complaint, Defendant denies the allegations, except admits that Paragraph 2 purports to describe the nature of the action Plaintiff brings.

3.    Answering Paragraph 3 of the Complaint, Defendant denies the allegations to the extent they refer to the intent or actions of Defendant. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 insofar as they concern the intent or actions of other defendants, and deny those allegations on that basis.

4.    Answering Paragraph 4 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and denies the allegations on that basis.

5.    Answering Paragraph 5 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and denies the allegations on that basis.

6.    Answering Paragraph 6 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and denies the allegations on that basis.

7.    Answering Paragraph 7 of the Complaint, SeekingAlpha.com's January 6, 2017 article speaks for itself and is the best evidence of its contents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and denies those allegations on that basis.

8.    Answering Paragraph 8 of the Complaint, Defendant admits that Defendant's former Chief Executive Officer was Tony Isaac, who held that title in 2017 and 2018, and that Defendant had sold real property at a gain during FY 2017 which ended December 31, 2017. Defendant denies that it "came up with," or participated in, any scheme or made, or participated in, any false or misleading statements. Defendant lacks knowledge or information sufficient to

Garman Turner Gordon
7251 Amigo Street
Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

form a belief as to the truth of the remaining allegations, and denies those allegations on that basis.

9. Answering Paragraph 9 of the Complaint, the credit agreement between ApplianceSmart and MidCap speaks for itself and is the best evidence of its contents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the Live Defendants, and denies those allegations on that basis. Defendant denies the remaining allegations of this paragraph.

10. Answering Paragraph 10 of the Complaint, Defendant denies the allegations that it "came up with" a plan or a $2.6 million amount. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and denies those allegations on that basis.

11. Answering Paragraph 11 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and denies the allegations on that basis.

12. Answering Paragraph 12 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and denies the allegations on that basis.

13. Answering Paragraph 13 of the Complaint, Defendant admits that it was named as a defendant in Case No. 2:21-cv-01433-JCM-VCF. Defendant refers to the docket and pleadings in that case for their complete and accurate contents, and denies Plaintiff's allegations to the extent they are inconsistent therewith. Defendant further states that Live's share price history is a matter of public record and speaks for itself.

14. Answering Paragraph 14 of the Complaint, Defendant admits that it was named as a defendant in Case No. 2:21-cv-01433-JCM-VCF. Defendant refers to the docket and pleadings in that case for their complete and accurate contents, and denies Plaintiff's allegations to the extent they are inconsistent therewith. Defendant otherwise denies the allegations, except admits that Paragraph 14 purports to describe the nature of the allegations Plaintiff asserts in this action.

/ / /

Garman Turner Gordon
7251 Amigo Street
Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

4 of 51

## II.

## JURISDICTION AND VENUE

15.    Answering Paragraph 15 of the Complaint, Defendant denies the allegations, except admit that Paragraph 15 purports to describe the relief sought by Plaintiff in this action.

16.    Answering Paragraph 16, Defendant states that Paragraph 16 contains legal conclusions concerning the Court's jurisdiction, to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 16.

17.    Answering Paragraph 16 of the Complaint, Defendant states that Paragraph 17 contains legal conclusions concerning the Court's jurisdiction, to which no response is required. To the extent a response is required, Defendant denies the allegations, except Defendant admits that is principal executive offices are located in Nevada.

18.    Answering Paragraph 17 of the Complaint, Defendant states that Paragraph 18 contains legal conclusions concerning the Court's jurisdiction, to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 18.

## III.

## PARTIES AND RELEVANT NON-PARTIES

### A.  Plaintiff

19.    Answering Paragraph 18 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations insofar as they concern Plaintiff's purchase of a different entity's common stock, and denies those allegations on that basis.  Defendant denies the remaining allegations contained in Paragraph 19.

### B.  Defendants

20.    Answering Paragraph 19 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and denies the allegations on that basis.

21.    Answering Paragraph 20 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and denies the allegations on that basis.

Garman Turner Gordon
7251 Amigo Street
Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

5 of 51

22. Answering Paragraph 21 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and denies the allegations on that basis.

23. Answering Paragraph 22 of the Complaint, Defendant states that Paragraph 23 contains legal conclusions, to which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and denies the allegations on that basis.

24. Answering Paragraph 23 of the Complaint, Defendant admits that it is a Nevada corporation and was formerly known as Appliance Recycling Centers of America, Inc. Defendant further states on July 15, 2024, JanOne Inc. changed its corporate name from JanOne Inc. to ALT5 Sigma Corporation, and also changed its Nasdaq common stock ticker symbol from "JAN" to "ALTS." Defendant further admits that Virland Johnson became Defendant's Chief Financial Officer in August 2017 and held that title through the Class Period, but denies that Mr. Johnson remains in that role. Defendant admits that during the Class Period, it was in the business of, *inter alia*, recycling and selling household appliances. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning Jon Isaac's beneficial ownership of Defendant's outstanding common stock, and denies the allegations on that basis.

**C. Relevant Non-Parties**

25. Answering Paragraph 24 of the Complaint, Defendant admits that Mr. Isaac was Chief Executive Officer of Defendant during the Class Period, is the father of Jon Isaac, and has served on the board of Live. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and denies those allegations on that basis

26. Answering Paragraph 25 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and denies the allegations on that basis.

///

///

Garman Turner Gordon
7251 Amigo Street
Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

**IV.**

**SUBSTANTIVE ALLEGATIONS**

**A.  Background of Live's Business**

27.    Answering Paragraph 26 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and denies the allegations on that basis.

28.    Answering Paragraph 27 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and denies the allegations on that basis.

29.    Answering Paragraph 28 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and denies the allegations on that basis.

30.    Answering Paragraph 29 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and denies the allegations on that basis.

**B.  The Live Defendants Engage in A Fraudulent Scheme to Boost Live's FY 2016 Financial Results and Profit Off of Live's Artificially Inflated Share Price**

31.    Answering Paragraph 30 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and denies the allegations on that basis.

32.    Answering Paragraph 31 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and denies the allegations on that basis.

33.    Answering Paragraph 32 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and denies the allegations on that basis.

34.    Answering Paragraph 33 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and denies the allegations

Garman Turner Gordon
7251 Amigo Street
Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

7 of 51

on that basis.

35. Answering Paragraph 34 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and denies the allegations on that basis.

36. Answering Paragraph 35 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and denies the allegations on that basis.

37. Answering Paragraph 36 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and denies the allegations on that basis.

38. Answering Paragraph 37 of the Complaint, Defendant states that Live's share price history is a matter of public record and speaks for itself. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and denies those allegations on that basis.

39. Answering Paragraph 38 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and denies the allegations on that basis.

40. Answering Paragraph 39 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and denies the allegations on that basis.

41. Answering Paragraph 40 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and denies the allegations on that basis.

42. Answering Paragraph 41 of the Complaint, Defendant states that Live's share price and volume history is a matter of public record and speaks for itself. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and denies the allegations on that basis.

/ / /

Garman Turner Gordon
7251 Amigo Street
Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

43.    Answering Paragraph 42 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and denies the allegations on that basis.

44.    Answering Paragraph 43 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and denies the allegations on that basis.

45.    Answering Paragraph 44 of the Complaint, the December 28, 2016 Press Release speaks for itself and is the best evidence of its contents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and denies those allegations on that basis.

46.    Answering Paragraph 45 of the Complaint, the December 28, 2016 Press Release speaks for itself and is the best evidence of its contents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and denies those allegations on that basis.

47.    Answering Paragraph 46 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and denies the allegations on that basis.

48.    Answering Paragraph 47 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and denies the allegations on that basis.

49.    Answering Paragraph 48 of the Complaint, Defendant states that Live's share price history is a matter of public record and speaks for itself. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and denies those allegations on that basis.

50.    Answering Paragraph 49 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and denies the allegations on that basis.

/ / /

Garman Turner Gordon
7251 Amigo Street
Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

51. Answering Paragraph 50 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and denies the allegations on that basis.

52. Answering Paragraph 51 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and denies the allegations on that basis.

53. Answering Paragraph 52 of the Complaint, Live's 2016 Form 10-K speaks for itself and is the best evidence of its contents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and denies those allegations on that basis.

54. Answering Paragraph 53 of the Complaint, Live's 2016 Form 10-K speaks for itself and is the best evidence of its contents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and denies the allegations on that basis.

55. Answering Paragraph 54 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and denies the allegations on that basis.

**C. Seeking Alpha Partially Reveals the Truth About Live's Year-End 2016 Fraudulent Scheme, Causing Live's Share Price to Drop**

56. Answering Paragraph 55 of the Complaint, SeekingAlpha.com's January 6, 2017 article speaks for itself and is the best evidence of its contents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and denies those allegations on that basis.

57. Answering Paragraph 56 of the Complaint, SeekingAlpha.com's January 6, 2017 article speaks for itself and is the best evidence of its contents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and denies those allegations on that basis.

/ / /

Garman Turner Gordon
7251 Amigo Street
Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

58.    Answering Paragraph 57 of the Complaint, Live's share price history is a matter of public record and speaks for itself. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and denies those allegations on that basis.

59.    Answering Paragraph 58 of the Complaint, Live's January 9, 2017 press release speaks for itself and is the best evidence of its contents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and denies those allegations on that basis.

60.    Answering Paragraph 59 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and denies those allegations on that basis.

61.    Answering Paragraph 60 of the Complaint, Live's public filings speak for themselves and are the best evidence of their contents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and denies those allegations on that basis.

**D. The Live Defendants And JOI/ARCA Engage In A Fraudulent Scheme To Avoid Negative Tax Implications And Boost Live's Q1 2018 And JOI/ARCA's FY 2017 Financial Results**

62.    Answering Paragraph 61 of the Complaint, Defendant admits that it sold real property at a gain in 2017. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and denies those allegations on that basis.

63.    Answering Paragraph 62 of the Complaint, the SPA speaks for itself and is the best evidence of its contents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and denies those allegations on that basis.

64.    Answering Paragraph 63 of the Complaint, Live's public filings speak for themselves and are the best evidence of their contents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and denies those allegations on that basis.

/ / /

Garman Turner Gordon
7251 Amigo Street
Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

65.     Answering Paragraph 64 of the Complaint, the MidCap Credit Agreement speaks for itself and is the best evidence of its contents. Defendant states that the remaining allegations set forth in Paragraph 65 state legal conclusions to which no response is necessary. To the extent a response is required, Defendant denies the remaining allegations of this paragraph.

66.     Answering Paragraph 65 of the Complaint, Live's press release speaks for itself and is the best evidence of its contents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66 insofar as they concern the intent or actions of other defendants, and denies those allegations on that basis. Defendant denies the remaining allegations contained in Paragraph 66.

67.     Answering Paragraph 66 of the Complaint, Live's public filings speak for themselves and are the best evidence of their contents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67 insofar as they concern the intent or actions of other defendants, and denies those allegations on that basis. Defendant denies the remaining allegations contained in Paragraph 67.

68.     Answering Paragraph 67 of the Complaint, Live's public filings and statements speak for themselves and are the best evidence of their contents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and denies those allegations on that basis.

69.     Answering Paragraph 68 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations therein, and denies those allegations on that basis.

70.     Answering Paragraph 69 of the Complaint, Defendant states that the allegations set forth in Paragraph 65 state legal conclusions to which no response is necessary. To the extent a response is required, Defendant denies the allegations of this paragraph.

71.     Answering Paragraph 70 of the Complaint, Live's public filings speak for themselves and are the best evidence of their contents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and denies those allegations on that basis.

Garman Turner Gordon
7251 Amigo Street
Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

72.     Answering Paragraph 71 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and denies those allegations on that basis.

73.     Answering Paragraph 72 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and denies those allegations on that basis.

74.     Answering Paragraph 73 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and denies those allegations on that basis.

**E.  Live Restates Its Q1, Q2, And Q3 2017 Financial Results, Causing Live's Share Price to Drop Again**

75.     Answering Paragraph 74 of the Complaint, Live's public filings speak for themselves and are the best evidence of their contents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and denies those allegations on that basis.

76.     Answering Paragraph 75 of the Complaint, Live's public filings speak for themselves and are the best evidence of their contents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and denies those allegations on that basis.

77.     Answering Paragraph 76 of the Complaint, Live's public filings speak for themselves and are the best evidence of their contents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and denies those allegations on that basis.

78.     Answering Paragraph 77 of the Complaint, Live's public filings speak for themselves and are the best evidence of their contents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and denies those allegations on that basis.

/ / /

Garman Turner Gordon
7251 Amigo Street
Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

79.    Answering Paragraph 78 of the Complaint, Live's public filings speak for themselves and are the best evidence of their contents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and denies those allegations on that basis.

80.    Answering Paragraph 79 of the Complaint, Live's share price history is a matter of public record and speaks for itself. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and denies those allegations on that basis.

**F.    The Live Defendants And JOI/ARCA Further Their Deceptive Scheme When Live Is Unable to Pay Any Portion of The Appliance Smart Purchase Price**

81.    Answering Paragraph 80 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and denies those allegations on that basis.

82.    Answering Paragraph 81 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and denies those allegations on that basis.

83.    Answering Paragraph 82 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and denies those allegations on that basis.

84.    Answering Paragraph 83 of the Complaint, Live's press release speaks for itself and is the best evidence of their contents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and denies those allegations on that basis.

85.    Answering Paragraph 84 of the Complaint, Johnson's memo dated May 15, 2018 speaks for itself and is the best evidence of its contents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and denies those allegations on that basis.

/ / /

Garman Turner Gordon
7251 Amigo Street
Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

**G. The Risks of Defendants' Fraudulent Conduct Further Materialize When Live Discloses an SEC Investigation, Causing Live's Share Price to Plummet Again**

86. Answering Paragraph 85 of the Complaint, Live's public filings speak for themselves and are the best evidence of their contents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and denies those allegations on that basis.

87. Answering Paragraph 86 of the Complaint, Live's public filings speak for themselves and are the best evidence of their contents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and denies those allegations on that basis.

88. Answering Paragraph 87 of the Complaint, Live's share price history is a matter of public record and speaks for itself. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and denies those allegations on that basis.

**H. The Live Defendants Engaged in A Fraudulent Scheme Concerning Isaac's FY 2016-2018 Compensation**

89. Answering Paragraph 88 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and denies the allegations on that basis.

90. Answering Paragraph 89 of the Complaint, Live's public filings speak for themselves and are the best evidence of their contents.

91. Answering Paragraph 90 of the Complaint, Live's public filings speak for themselves and are the best evidence of their contents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and denies those allegations on that basis.

92. Answering Paragraph 91 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and denies the allegations on that basis.

Garman Turner Gordon
7251 Amigo Street
Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

93.    Answering Paragraph 92 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and denies the allegations on that basis.

94.    Answering Paragraph 93 of the Complaint, Live's public filings speak for themselves and are the best evidence of their contents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and denies those allegations on that basis.

95.    Answering Paragraph 94 of the Complaint, Live's public filings speak for themselves and are the best evidence of their contents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and denies those allegations on that basis.

96.    Answering Paragraph 95 of the Complaint, Live's public filings speak for themselves and are the best evidence of their contents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and denies those allegations on that basis.

97.    Answering Paragraph 96 of the Complaint, Live's public filings speak for themselves and are the best evidence of their contents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and denies those allegations on that basis.

**I.    Live Continues to Face Setbacks for The Rest of The Class Period**

98.    Answering Paragraph 97 of the Complaint, Live's public filings speak for themselves and are the best evidence of their contents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and denies those allegations on that basis.

99.    Answering Paragraph 98 of the Complaint, Live's public filings and statements speak for themselves and are the best evidence of their contents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and denies those allegations on that basis.

Garman Turner Gordon
7251 Amigo Street
Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

16 of 51

100.   Answering Paragraph 99 of the Complaint, Live's public filings speak for themselves and are the best evidence of their contents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and denies those allegations on that basis.

101.   Answering Paragraph 100 of the Complaint, Defendant admit that public records indicated that ApplianceSmart filed a Voluntary Petition for Non-Individuals Filing for Bankruptcy on December 9, 2019. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and denies those allegations on that basis.

102.   Answering Paragraph 101 of the Complaint, Live's public filings and statements speak for themselves and are the best evidence of their contents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and denies those allegations on that basis.

103.   Answering Paragraph 102 of the Complaint, Live's public filings and statements speak for themselves and are the best evidence of their contents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and denies those allegations on that basis.

104.   Answering Paragraph 103 of the Complaint, Live's public filings speak for themselves and are the best evidence of their contents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and denies those allegations on that basis.

105.   Answering Paragraph 104 of the Complaint, Live's public filings and statements speak for themselves and are the best evidence of their contents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and denies those allegations on that basis.

**J.   The SEC Files an Enforcement Action Against the Live Defendants And JOI/ARCA, Causing Live's Share Price to Plummet By *46%***

106.   Answering Paragraph 105 of the Complaint, Defendant admits the allegations in Paragraph 106. Defendant refers to the docket and pleadings Case No. 2:21-cv-01433-JCM-VCF

Garman Turner Gordon
7251 Amigo Street
Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

for their complete and accurate contents, and denies Plaintiff's allegations to the extent they are inconsistent therewith.

107.    Answering Paragraph 106 of the Complaint, the complaint in Case No. 2:21-cv-01433-JCM-VCF speaks for itself and is the best evidence of its contents. Defendant denies Plaintiff's allegations to the extent they are inconsistent therewith.

108.    Answering Paragraph 107 of the Complaint, Live's share price and volume history is a matter of public record and speaks for itself. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and denies those allegations on that basis.

**K.  After The Class Period, The Risks of Defendants' Fraud Continue to Materialize**

109.    Answering Paragraph 108 of the Complaint, Live's public filings speak for themselves and are the best evidence of their contents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and denies those allegations on that basis.

110.    Answering Paragraph 109 of the Complaint, Live's public filings speak for themselves and are the best evidence of their contents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and denies those allegations on that basis.

111.    Answering Paragraph 110 of the Complaint, Defendant admits that it moved to dismiss the complaint in Case No. 2:21-cv-01433-JCM-VCF and that the court denied the motion to dismiss. Defendant further refers to the docket and pleadings Case No. 2:21-cv-01433-JCM-VCF for their complete and accurate contents, and denies Plaintiff's allegations to the extent they are inconsistent therewith.

112.    Answering Paragraph 111 of the Complaint, Defendant refers to the docket and pleadings Case No. 2:21-cv-01433-JCM-VCF for their complete and accurate contents, and denies Plaintiff's allegations to the extent they are inconsistent therewith.

113.    Answering Paragraph 112 of the Complaint, Defendant refers to the docket and pleadings Case No. 2:21-cv-01433-JCM-VCF for their complete and accurate contents, and

Garman Turner Gordon
7251 Amigo Street
Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

denies Plaintiff's allegations to the extent they are inconsistent therewith.

114. Answering Paragraph 113 of the Complaint, Defendant refers to the docket and pleadings Case No. 2:21-cv-01433-JCM-VCF for their complete and accurate contents, and denies Plaintiff's allegations to the extent they are inconsistent therewith.

115. Answering Paragraph 114 of the Complaint, Defendant refers to the docket and pleadings Case No. 2:21-cv-01433-JCM-VCF for their complete and accurate contents, and denies Plaintiff's allegations to the extent they are inconsistent therewith.

116. Answering Paragraph 115 of the Complaint, Defendant admits that it executed an agreement to settle the civil complaint that the SEC had filed against the Company, among others, on August 1, 2021. Defendant further admits that, pursuant to a Joint Motion of the Company and the SEC dated May 21, 2024, James Mahan, United States District Judge for the District of Nevada, executed the Order that the parties had attached to the Joint Motion on May 24, 2024, which Order was entered on May 28, 2024. Defendant further refers to the docket and pleadings Case No. 2:21-cv-01433-JCM-VCF for their complete and accurate contents, and denies Plaintiff's allegations to the extent they are inconsistent therewith.

## V.

## THE LIVE DEFENDANTS' DISCLOSURE OBLIGATIONS UNDER ITEMS 303 AND 105 OF REGULATION S-K

117. Answering Paragraph 116 of the Complaint, Defendant states that Paragraph 117 contains legal conclusions, to which no response is required. To the extent a response is required, Defendant refers to the cited and/or quoted legal authority for its complete and accurate contents, and denies Plaintiff's allegations to the extent they are inconsistent therewith.

118. Answering Paragraph 117 of the Complaint, Defendant states that Paragraph 118 contains legal conclusions, to which no response is required. To the extent a response is required, Defendant refers to the cited and/or quoted legal authority for its complete and accurate contents, and denies Plaintiff's allegations to the extent they are inconsistent therewith.

119. Answering Paragraph 118 of the Complaint, Defendant states that Paragraph 119 contains legal conclusions, to which no response is required. To the extent a response is required,

Garman Turner Gordon
7251 Amigo Street
Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

19 of 51

Defendant refers to the cited and/or quoted legal authority for its complete and accurate contents, and denies Plaintiff's allegations to the extent they are inconsistent therewith.

120.    Answering Paragraph 119 of the Complaint, Defendant states that Paragraph 120 contains legal conclusions, to which no response is required. To the extent a response is required, Defendant refers to the cited and/or quoted legal authority for its complete and accurate contents, and denies Plaintiff's allegations to the extent they are inconsistent therewith.

121.    Answering Paragraph 120 of the Complaint, Defendant states that Paragraph 121 contains legal conclusions, to which no response is required. To the extent a response is required, Defendant refers to the cited and/or quoted legal authority for its complete and accurate contents, and denies Plaintiff's allegations to the extent they are inconsistent therewith.

122.    Answering Paragraph 121 of the Complaint, Defendant states that Paragraph 122 contains legal conclusions, to which no response is required. To the extent a response is required, Defendant refers to the cited and/or quoted legal authority for its complete and accurate contents, and denies Plaintiff's allegations to the extent they are inconsistent therewith.

123.    Answering Paragraph 122 of the Complaint, Defendant states that Paragraph 123 contains legal conclusions, to which no response is required. To the extent a response is required, Defendant refers to the cited and/or quoted legal authority for its complete and accurate contents, and denies Plaintiff's allegations to the extent they are inconsistent therewith.

124.    Answering Paragraph 123 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and denies the allegations on that basis.

125.    Answering Paragraph 124 of the Complaint, Defendant states that Paragraph 125 contains legal conclusions, to which no response is required. To the extent a response is required, Defendant refers to the cited and/or quoted legal authority for its complete and accurate contents, and denies Plaintiff's allegations to the extent they are inconsistent therewith.

126.    Answering Paragraph 125 of the Complaint, Defendant states that Paragraph 126 contains legal conclusions, to which no response is required. To the extent a response is required, Defendant refers to the cited and/or quoted legal authority for its complete and accurate contents,

Garman Turner Gordon
7251 Amigo Street
Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

20 of 51

and denies Plaintiff's allegations to the extent they are inconsistent therewith.

127.    Answering Paragraph 126 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and denies the allegations on that basis.

128.    Answering Paragraph 127 of the Complaint, Live's public filings speak for themselves and are the best evidence of their contents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and denies those allegations on that basis.

129.    Answering Paragraph 128 of the Complaint, Live's public filings speak for themselves and are the best evidence of their contents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and denies those allegations on that basis.

130.    Answering Paragraph 129 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and denies the allegations on that basis.

## VI.

### THE LIVE DEFENDANTS' EXECUTIVE COMPENSATION DISCLOSURE OBLIGATIONS UNDER ITEM 402 OF REGULATION S-K

131.    Answering Paragraph 130 of the Complaint, Defendant states that Paragraph 131 contains legal conclusions, to which no response is required. To the extent a response is required, Defendant refers to the cited and/or quoted legal authority for its complete and accurate contents, and denies Plaintiff's allegations to the extent they are inconsistent therewith.

132.    Answering Paragraph 131 of the Complaint, Defendant states that Paragraph 132 contains legal conclusions, to which no response is required. To the extent a response is required, Defendant refers to the cited and/or quoted legal authority for its complete and accurate contents, and denies Plaintiff's allegations to the extent they are inconsistent therewith.

133.    Answering Paragraph 132 of the Complaint, Defendant states that Paragraph 133 contains legal conclusions, to which no response is required. To the extent a response is required,

Garman Turner Gordon
7251 Amigo Street
Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

21 of 51

Defendant refers to the cited and/or quoted legal authority for its complete and accurate contents, and denies Plaintiff's allegations to the extent they are inconsistent therewith.

134. Answering Paragraph 133 of the Complaint, Defendant states that Paragraph 134 contains legal conclusions, to which no response is required. To the extent a response is required, Defendant refers to the cited and/or quoted legal authority for its complete and accurate contents, and denies Plaintiff's allegations to the extent they are inconsistent therewith.

135. Answering Paragraph 134 of the Complaint, Defendant states that Paragraph 135 contains legal conclusions, to which no response is required. To the extent a response is required, Defendant refers to the cited and/or quoted legal authority for its complete and accurate contents, and denies Plaintiff's allegations to the extent they are inconsistent therewith.

136. Answering Paragraph 135 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and denies the allegations on that basis.

137. Answering Paragraph 136 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and denies the allegations on that basis.

138. Answering Paragraph 137 of the Complaint, Live's public filings speak for themselves and are the best evidence of their contents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and denies those allegations on that basis.

139. Answering Paragraph 138 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and denies the allegations on that basis.

140. Answering Paragraph 139 of the Complaint, Live's public filings speak for themselves and are the best evidence of their contents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and denies those allegations on that basis.

/ / /

Garman Turner Gordon
7251 Amigo Street
Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

141. Answering Paragraph 140 of the Complaint, Live's public filings speak for themselves and are the best evidence of their contents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and denies those allegations on that basis.

142. Answering Paragraph 141 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and denies the allegations on that basis.

143. Answering Paragraph 142 of the Complaint, Live's public filings speak for themselves and are the best evidence of their contents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and denies those allegations on that basis.

144. Answering Paragraph 143 of the Complaint, Live's public filings speak for themselves and are the best evidence of their contents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and denies those allegations on that basis.

145. Answering Paragraph 144 of the Complaint, Live's public filings speak for themselves and are the best evidence of their contents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and denies those allegations on that basis.

146. Answering Paragraph 145 of the Complaint, Live's public filings speak for themselves and are the best evidence of their contents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and denies those allegations on that basis.

147. Answering Paragraph 146 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and denies the allegations on that basis.

148. Answering Paragraph 147 of the Complaint, Live's public filings speak for themselves and are the best evidence of their contents. Defendant lacks knowledge or

Garman Turner Gordon
7251 Amigo Street
Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

23 of 51

information sufficient to form a belief as to the truth of the remaining allegations, and denies those allegations on that basis.

149.    Answering Paragraph 148 of the Complaint, Live's public filings speak for themselves and are the best evidence of their contents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and denies those allegations on that basis.

150.    Answering Paragraph 149 of the Complaint, Live's public filings speak for themselves and are the best evidence of their contents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and denies those allegations on that basis.

151.    Answering Paragraph 150 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and denies those allegations on that basis.

152.    Answering Paragraph 151 of the Complaint, Live's public filings speak for themselves and are the best evidence of their contents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and denies those allegations on that basis.

### VII.

### THE LIVE DEFENDANTS' MATERIALLY FALSE AND MISLEADING STATEMENTS DURING THE CLASS PERIOD

**A.  Statements Concerning Live's 2016 FY Financial Results**

153.    Answering Paragraph 152 of the Complaint, Live's press release speaks for itself and is the best evidence of its contents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and denies those allegations on that basis.

154.    Answering Paragraph 153 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and denies those allegations on that basis.

Garman Turner Gordon
7251 Amigo Street
Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

155.    Answering Paragraph 154 of the Complaint, Live's public filings speak for themselves and are the best evidence of their contents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and denies those allegations on that basis.

156.    Answering Paragraph 155 of the Complaint, Live's public filings speak for themselves and are the best evidence of their contents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and denies those allegations on that basis.

157.    Answering Paragraph 156 of the Complaint, Live's public filings speak for themselves and are the best evidence of their contents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and denies those allegations on that basis.

**B.  Statements Concerning Stock Promotions**

158.    Answering Paragraph 157 of the Complaint, SeekingAlpha.com's article and Live's press release speak for themselves and are the best evidence of their contents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and denies those allegations on that basis.

159.    Answering Paragraph 158 of the Complaint, Live's public statements speak for themselves and are the best evidence of their contents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and denies those allegations on that basis.

160.    Answering Paragraph 159 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and denies those allegations on that basis.

**C.  Statements Concerning Live's Q1 2018 Financial Results**

161.    Answering Paragraph 160 of the Complaint, Live's public filings speak for themselves and are the best evidence of their contents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and denies

Garman Turner Gordon
7251 Amigo Street
Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

those allegations on that basis.

162.    Answering Paragraph 161 of the Complaint, Live's public filings speak for themselves and are the best evidence of their contents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and denies those allegations on that basis.

163.    Answering Paragraph 162 of the Complaint, Live's public filings speak for themselves and are the best evidence of their contents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and denies those allegations on that basis.

164.    Answering Paragraph 163 of the Complaint, Live's public filings speak for themselves and are the best evidence of their contents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and denies those allegations on that basis.

165.    Answering Paragraph 164 of the Complaint, Live's public statements speak for themselves and are the best evidence of their contents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and denies those allegations on that basis.

166.    Answering Paragraph 165 of the Complaint, Defendant denies any allegation that it made or participated in any false or misleading statements or disclosures. Defendant states that Paragraph 166 contains legal conclusions, to which no response is required. To the extent a response is required, Defendant denies such allegations. Defendant lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations, and denies those allegations on that basis.

**D.  Statements Concerning Live's Payment Of The Purchase Price For ApplianceSmart**

167.    Answering Paragraph 166 of the Complaint, Live's press release speaks for itself and is the best evidence of its contents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and denies those allegations on that basis.

Garman Turner Gordon
7251 Amigo Street
Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

26 of 51

168.   Answering Paragraph 167 of the Complaint, Defendant denies any allegation that it made or participated in any false or misleading statements or disclosures. Defendant states that Paragraph 168 contains legal conclusions, to which no response is required. To the extent a response is required, Defendant denies such allegations. Defendant lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations, and denies those allegations on that basis.

169.   Answering Paragraph 168 of the Complaint, Live's public filings speak for themselves and are the best evidence of their contents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and denies those allegations on that basis.

170.   Answering Paragraph 169 of the Complaint, Defendant denies any allegation that it made or participated in any false or misleading statements or disclosures. Defendant states that Paragraph 170 contains legal conclusions, to which no response is required. To the extent a response is required, Defendant denies such allegations. Defendant lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations, and denies those allegations on that basis.

**E.  Statements Concerning Isaac's FY 2016-2018 Compensation**

171.   Answering Paragraph 170 of the Complaint, Live's public filings speak for themselves and are the best evidence of their contents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and denies those allegations on that basis.

172.   Answering Paragraph 171 of the Complaint, Live's public filings speak for themselves and are the best evidence of their contents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and denies those allegations on that basis.

173.   Answering Paragraph 172 of the Complaint, Live's public filings speak for themselves and are the best evidence of their contents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and denies

Garman Turner Gordon
7251 Amigo Street
Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

those allegations on that basis.

174.    Answering Paragraph 173 of the Complaint, Live's public filings speak for themselves and are the best evidence of their contents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and denies those allegations on that basis.

175.    Answering Paragraph 174 of the Complaint, Live's public filings speak for themselves and are the best evidence of their contents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and denies those allegations on that basis.

176.    Answering Paragraph 175 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and denies those allegations on that basis.

177.    Answering Paragraph 176 of the Complaint, Live's public filings speak for themselves and are the best evidence of their contents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and denies those allegations on that basis.

178.    Answering Paragraph 177 of the Complaint, Live's public filings speak for themselves and are the best evidence of their contents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and denies those allegations on that basis.

179.    Answering Paragraph 178 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and denies those allegations on that basis.

**F.  Live's Financial Statements for The Quarters Ended December 31, 2016, March 31, 2017, And June 30, 2017**

180.    Answering Paragraph 179 of the Complaint, Live's public filings speak for themselves and are the best evidence of their contents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and denies

Garman Turner Gordon
7251 Amigo Street
Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

those allegations on that basis.

181. Answering Paragraph 180 of the Complaint, Live's public filings speak for themselves and are the best evidence of their contents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and denies those allegations on that basis.

182. Answering Paragraph 181 of the Complaint, Live's public filings speak for themselves and are the best evidence of their contents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and denies those allegations on that basis.

183. Answering Paragraph 182 of the Complaint, Live's public filings speak for themselves and are the best evidence of their contents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and denies those allegations on that basis.

184. Answering Paragraph 183 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and denies those allegations on that basis.

## VIII.

## CLASS ACTION ALLEGATIONS

185. Answering Paragraph 184 of the Complaint, Defendant states that Paragraph 185 purports to describe the Plaintiff's claims and putative class in this action for which no response is required.

186. Answering Paragraph 185 of the Complaint, Defendant states that Paragraph 186 contains legal conclusions to which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's beliefs or intent and deny those allegations on that basis. Defendant further states that Live's trading history is a matter of public record and speaks for itself.

/ / /

Garman Turner Gordon
7251 Amigo Street
Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

187.    Answering Paragraph 186 of the Complaint, Defendant states that Paragraph 187 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 187.

188.    Answering Paragraph 187 of the Complaint, Defendant states that Paragraph 188 contains legal conclusions to which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's potential conflicts or adverse interests or the experience and independence of their counsel and denies those allegations on that basis.  Defendant denies the remaining allegations contained in Paragraph 188.

189.    Answering Paragraph 188 of the Complaint, Defendant states that Paragraph 189 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 189.

190.    Answering Paragraph 189 of the Complaint, Defendant states that Paragraph 190 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 190.

191.    Answering Paragraph 190 of the Complaint, Defendant states that Paragraph 191 contains legal conclusions to which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning what Plaintiff will rely upon and deny those allegations on that basis. Defendant denies the remaining allegations contained in Paragraph 191.

192.    Answering Paragraph 191 of the Complaint, Defendant states that Paragraph 192 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 192.

193.    Answering Paragraph 192 of the Complaint, Defendant states that Paragraph 193 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 193.

///

///

Garman Turner Gordon
7251 Amigo Street
Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

30 of 51

## IX.

## LOSS CAUSATION

194. Answering Paragraph 193 of the Complaint, Defendant states that Paragraph 194 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 194.

195. Answering Paragraph 194 of the Complaint, Defendant denies the allegations to the extent they refer to the intent or actions of Defendant. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 195 insofar as they concern the intent or actions of other defendants, and deny those allegations on that basis.

196. Answering Paragraph 195 of the Complaint, Defendant denies the allegations to the extent they refer to any alleged scheme involving Defendant and denies the allegations to the extent they refer to the intent or actions of Defendant. Defendant further states that Paragraph 196 contains legal conclusions to which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 196 insofar as they concern the intent or actions of other defendants, and deny those allegations on that basis.

## X.

## ADDITIONAL SCIENTER ALLEGATIONS

197. Answering Paragraph 196 of the Complaint, Defendant denies the allegations to the extent they refer to the intent or actions of Defendant. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 197 insofar as they concern the intent or actions of other defendants, and deny those allegations on that basis.

**A. Defendants Had the Motive and Opportunity to Engage in Their Fraudulent Schemes**

198. Answering Paragraph 197 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and denies those allegations on that basis.

Garman Turner Gordon
7251 Amigo Street
Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

199.  Answering Paragraph 198 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and denies those allegations on that basis.

200.  Answering Paragraph 199 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and denies those allegations on that basis.

201.  Answering Paragraph 200 of the Complaint, Defendant admits Tony Isaac is Jon Issac's father and that Tony Isaac was a director of Live and was formerly the Chief Executive Officer of Defendant. Defendant further admits that Virland Johnson is the former Chief Financial Officer of Defendant. Defendant denies the remaining allegations to the extent they refer to the intent or actions of Defendant. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 201 insofar as they concern the intent or actions of other defendants, and denies those allegations on that basis.

202.  Answering Paragraph 201 of the Complaint, Defendant admits that it sold real property at a gain in FY 2017 which ended on December 31, 2017. Defendant denies the remaining allegations to the extent they refer to the intent or actions of Defendant. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 201 insofar as they concern the intent or actions of other defendants, and denies those allegations on that basis.

203.  Answering Paragraph 202 of the Complaint, Defendant denies the allegations to the extent they refer to the intent or actions of Defendant. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 203 insofar as they concern the intent or actions of other defendants, and denies those allegations on that basis.

**B.  Live Had Substantial Debts and Could Not Maintain Compliance with Its Loan Covenants**

204.  Answering Paragraph 203 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and denies

Garman Turner Gordon
7251 Amigo Street
Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

those allegations on that basis.

205.    Answering Paragraph 204 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and denies those allegations on that basis.

206.    Answering Paragraph 205 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and denies those allegations on that basis.

207.    Answering Paragraph 206 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and denies those allegations on that basis.

208.    Answering Paragraph 207 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and denies those allegations on that basis.

209.    Answering Paragraph 208 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and denies those allegations on that basis.

## C.  Live's Restated Quarterly Financial Results

210.    Answering Paragraph 209 of the Complaint, Live's public filings speak for themselves and are the best evidence of their contents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and denies those allegations on that basis.

211.    Answering Paragraph 210 of the Complaint, Live's public filings speak for themselves and are the best evidence of their contents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and denies those allegations on that basis.

212.    Answering Paragraph 211 of the Complaint, Live's public filings speak for themselves and are the best evidence of their contents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and denies

Garman Turner Gordon
7251 Amigo Street
Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

33 of 51

those allegations on that basis.

213.    Answering Paragraph 212 of the Complaint, Live's public filings speak for themselves and are the best evidence of their contents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and denies those allegations on that basis.

214.    Answering Paragraph 213 of the Complaint, Live's public filings speak for themselves and are the best evidence of their contents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and denies those allegations on that basis.

215.    Answering Paragraph 214 of the Complaint, Live's public filings speak for themselves and are the best evidence of their contents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and denies those allegations on that basis.

**D.  The SEC's Investigation and Enforcement Action**

216.    Answering Paragraph 215 of the Complaint, Defendant denies the allegations to the extent they refer to the intent or actions of Defendant. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 203 insofar as they concern the intent or actions of other defendants, and deny those allegations on that basis.

217.    Answering Paragraph 216 of the Complaint, Live's public filings speak for themselves and are the best evidence of their contents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and denies those allegations on that basis.

218.    Answering Paragraph 217 of the Complaint, Live's public filings speak for themselves and are the best evidence of their contents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and denies those allegations on that basis.

/ / /

Garman Turner Gordon
7251 Amigo Street
Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

219. Answering Paragraph 218 of the Complaint, Live's public filings speak for themselves and are the best evidence of their contents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and denies those allegations on that basis.

220. Answering Paragraph 219 of the Complaint, Defendant admits that the SEC made a public announcement concerning the referenced action on August 3, 2021. The SEC's public announcement of the referenced action speaks for itself and is the best evidence of its contents; Defendant denies the remaining allegations in Paragraph 220 to the extent they are inconsistent therewith.

221. Answering Paragraph 220 of the Complaint, Defendant admits that it moved to dismiss the complaint in Case No. 2:21-cv-01433-JCM-VCF and that the court denied the motion to dismiss. Defendant further refers to the docket and pleadings Case No. 2:21-cv-01433-JCM-VCF for their complete and accurate contents, and denies Plaintiff's allegations to the extent they are inconsistent therewith.

222. Answering Paragraph 221 of the Complaint, Defendant admits that it executed an agreement to settle the civil complaint that the SEC had filed against the Company, among others, on August 1, 2021. Defendant further admits that, pursuant to a Joint Motion of the Company and the SEC dated May 21, 2024, James Mahan, United States District Judge for the District of Nevada, executed the Order that the parties had attached to the Joint Motion on May 24, 2024, which Order was entered on May 28, 2024. Defendant further refers to the docket and pleadings Case No. 2:21-cv-01433-JCM-VCF for their complete and accurate contents, and denies Plaintiff's allegations to the extent they are inconsistent therewith.

**E. Live Lacked Effective Internal Controls Over Financial Reporting**

223. Answering Paragraph 222 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and denies the allegations on that basis.

224. Answering Paragraph 223 of the Complaint, Live's public filings speak for themselves and are the best evidence of their contents. Defendant lacks knowledge or

Garman Turner Gordon
7251 Amigo Street
Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

35 of 51

information sufficient to form a belief as to the truth of the remaining allegations, and denies those allegations on that basis.

225. Answering Paragraph 224 of the Complaint, Live's public filings speak for themselves and are the best evidence of their contents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and denies those allegations on that basis.

226. Answering Paragraph 225 of the Complaint, Live's public filings speak for themselves and are the best evidence of their contents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and denies those allegations on that basis.

227. Answering Paragraph 226 of the Complaint, Live's public filings speak for themselves and are the best evidence of their contents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and denies those allegations on that basis.

228. Answering Paragraph 227 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and denies the allegations on that basis.

229. Answering Paragraph 228 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and denies the allegations on that basis.

230. Answering Paragraph 229 of the Complaint, Live's public filings speak for themselves and are the best evidence of their contents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and denies those allegations on that basis.

231. Answering Paragraph 230 of the Complaint, Live's public filings speak for themselves and are the best evidence of their contents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and denies those allegations on that basis.

Garman Turner Gordon
7251 Amigo Street
Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

232.   Answering Paragraph 231 of the Complaint, Live's public filings speak for themselves and are the best evidence of their contents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and denies those allegations on that basis.

233.   Answering Paragraph 232 of the Complaint, Live's public filings speak for themselves and are the best evidence of their contents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and denies those allegations on that basis.

**F.  Live Cycled Through Four Auditors During the Class Period**

234.   Answering Paragraph 233 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and denies the allegations on that basis.

235.   Answering Paragraph 234 of the Complaint, Live's public filings speak for themselves and are the best evidence of their contents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and denies those allegations on that basis.

236.   Answering Paragraph 235 of the Complaint, Live's public filings speak for themselves and are the best evidence of their contents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and denies those allegations on that basis.

237.   Answering Paragraph 236 of the Complaint, Live's public filings speak for themselves and are the best evidence of their contents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and denies those allegations on that basis.

238.   Answering Paragraph 237 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and denies the allegations on that basis.

/ / /

Garman Turner Gordon
7251 Amigo Street
Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

239.    Answering Paragraph 238 of the Complaint, Live's public filings speak for themselves and are the best evidence of their contents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and denies those allegations on that basis.

240.    Answering Paragraph 239 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and denies the allegations on that basis.

241.    Answering Paragraph 240 of the Complaint, Live's public filings speak for themselves and are the best evidence of their contents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and denies those allegations on that basis.

242.    Answering Paragraph 241 of the Complaint, Live's public filings speak for themselves and are the best evidence of their contents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and denies those allegations on that basis.

243.    Answering Paragraph 242 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and denies the allegations on that basis.

244.    Answering Paragraph 243 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and denies the allegations on that basis.

245.    Answering Paragraph 244 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and denies the allegations on that basis.

246.    Answering Paragraph 245 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and denies the allegations on that basis.

/ / /

Garman Turner Gordon
7251 Amigo Street
Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

38 of 51

247.    Answering Paragraph 246 of the Complaint, Johnson's memo dated May 15, 2018 speaks for itself and is the best evidence of its contents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and denies those allegations on that basis.

248.    Answering Paragraph 247 of the Complaint, Live's public filings speak for themselves and are the best evidence of their contents. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and denies those allegations on that basis.

**G.  The Simplicity of The GAAP Provisions Defendants Violated**

249.    Answering Paragraph 248 of the Complaint, Defendant states that Paragraph 249 contains legal conclusions, to which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and denies the allegations on that basis.

250.    Answering Paragraph 249 of the Complaint, Defendant states that Paragraph 250 contains legal conclusions, to which no response is required. To the extent a response is required, Defendant refers to the cited and/or quoted legal authority for its complete and accurate contents, and denies Plaintiff's allegations to the extent they are inconsistent therewith.

251.    Answering Paragraph 250 of the Complaint, Defendant states that Paragraph 251 contains legal conclusions, to which no response is required. To the extent a response is required, Defendant refers to the cited and/or quoted legal authority for its complete and accurate contents, and denies Plaintiff's allegations to the extent they are inconsistent therewith.

252.    Answering Paragraph 251 of the Complaint, Defendant states that Paragraph 252 contains legal conclusions, to which no response is required. To the extent a response is required, Defendant refers to the cited and/or quoted legal authority for its complete and accurate contents, and denies Plaintiff's allegations to the extent they are inconsistent therewith.

253.    Answering Paragraph 252 of the Complaint, Defendant states that Paragraph 253 contains legal conclusions, to which no response is required. To the extent a response is required, Defendant refers to the cited and/or quoted legal authority for its complete and accurate contents,

Garman Turner Gordon
7251 Amigo Street
Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

and denies Plaintiff's allegations to the extent they are inconsistent therewith.

254.   Answering Paragraph 253 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and denies the allegations on that basis.

255.   Answering Paragraph 254 of the Complaint, Defendant denies the allegations to the extent they refer to the intent or actions of Defendant. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 255 insofar as they concern the intent or actions of other defendants, and deny those allegations on that basis.

256.   Answering Paragraph 255 of the Complaint, Defendant states that Paragraph 256 contains legal conclusions, to which no response is required. To the extent a response is required, Defendant refers to the cited and/or quoted legal authority for its complete and accurate contents, and denies Plaintiff's allegations to the extent they are inconsistent therewith.

257.   Answering Paragraph 256 of the Complaint, Defendant denies the allegations to the extent they refer to the intent or actions of Defendant. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 257 insofar as they concern the intent or actions of other defendants, and deny those allegations on that basis.

258.   Answering Paragraph 2578 of the Complaint, the SPA and MidCap Credit Agreement speak for themselves and are the best evidence of their contents. Defendant denies the remaining allegations to the extent they refer to the intent or actions of Defendant. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 258 insofar as they concern the intent or actions of other defendants, and denies those allegations on that basis.

259.   Answering Paragraph 258 of the Complaint, Defendant denies the allegations to the extent they refer to the intent or actions of Defendant. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 259 insofar as they concern the intent or actions of other defendants, and deny those

Garman Turner Gordon
7251 Amigo Street
Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

allegations on that basis.

260.    Answering Paragraph 259 of the Complaint, Defendant states that Paragraph 260 contains legal conclusions, to which no response is required. To the extent a response is required, Defendant denies the allegations.

**XI.**

**APPLICABILITY OF PRESUMPTION OF RELIANCE (FRAUD-ON-THEMARKET DOCTRINE)**

261.    Answering Paragraph 260 of the Complaint, Defendant states that Paragraph 261 contains legal conclusions to which no response is required. To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning what Plaintiff relied upon and denies those allegations on that basis. Defendant further states that Live's share price history is a matter of public record and speaks for itself.  Defendant denies the remaining allegations contained in Paragraph 261.

262.    Answering Paragraph 261 of the Complaint, Defendant denies the allegations to the extent they refer to the intent or actions of Defendant. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 262 insofar as they concern the intent or actions of other defendants, and denies those allegations on that basis.

263.    Answering Paragraph 262 of the Complaint, Defendant states that Paragraph 263 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

264.    Answering Paragraph 263 of the Complaint, Defendant states that Paragraph 264 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

265.    Answering Paragraph 264 of the Complaint, Defendant states that Paragraph 265 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

/ / /

Garman Turner Gordon
7251 Amigo Street
Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

41 of 51

## XII.

## NO SAFE HARBOR

266. Answering Paragraph 265 of the Complaint, Defendant admits/denies the allegations contained within Paragraph of the Complaint.

## **FIRST CLAIM**

**Violation of Section 10(b) of The Exchange Act and Rule 10b-5(b) Promulgated Thereunder Against The Live Defendants**

267. Answering Paragraph 266 of the Complaint, Defendant incorporates by reference its foregoing responses.

268. Answering Paragraph 267 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and denies the allegations on that basis.

269. Answering Paragraph 268 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and denies the allegations on that basis.

270. Answering Paragraph 269 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and denies the allegations on that basis.

271. Answering Paragraph 270 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and denies the allegations on that basis.

272. Answering Paragraph 271 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and denies the allegations on that basis.

273. Answering Paragraph 272 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and denies the allegations on that basis.

///

Garman Turner Gordon
7251 Amigo Street
Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

274. Answering Paragraph 273 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and denies the allegations on that basis.

275. Answering Paragraph 274 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and denies the allegations on that basis.

276. Answering Paragraph 275 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and denies the allegations on that basis.

277. Answering Paragraph 276 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and denies the allegations on that basis.

### SECOND CLAIM

**Violation of Section 20(a) of The Exchange Act Against the Individual Defendants**

278. Answering Paragraph 277 of the Complaint, Defendant incorporates by reference its foregoing responses.

279. Answering Paragraph 278 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and denies the allegations on that basis.

280. Answering Paragraph 279 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and denies the allegations on that basis.

281. Answering Paragraph 280 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and denies the allegations on that basis.

/ / /

/ / /

/ / /

Garman Turner Gordon
7251 Amigo Street
Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

43 of 51

**THIRD CLAIM**

**Violation of Section 10(b) of The Exchange Act and Rules 10b-5(a) and 10b-5(c) Promulgated Thereunder Against The Live Defendants**

282.   Answering Paragraph 281 of the Complaint, Defendant incorporates by reference its foregoing responses.

283.   Answering Paragraph 282 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and denies the allegations on that basis.

284.   Answering Paragraph 283 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and denies the allegations on that basis.

285.   Answering Paragraph 284 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and denies the allegations on that basis.

286.   Answering Paragraph 285 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and denies the allegations on that basis.

287.   Answering Paragraph 286 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and denies the allegations on that basis.

288.   Answering Paragraph 287 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and denies the allegations on that basis.

289.   Answering Paragraph 288 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and denies the allegations on that basis.

290.   Answering Paragraph 289 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and denies the allegations

Garman Turner Gordon
7251 Amigo Street
Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

44 of 51

on that basis.

291. Answering Paragraph 290 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and denies the allegations on that basis.

292. Answering Paragraph 291 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and denies the allegations on that basis.

## FOURTH CLAIM

**Violation of Section 10(b) of The Exchange Act and Rules 10b-5(a) and 10b-5(c) Promulgated Thereunder Against The Live Defendants and JOI/ARCA**

293. Answering Paragraph 292 of the Complaint, Defendant incorporates by reference its foregoing responses to each Paragraph of the Complaint.

294. Answering Paragraph 293 of the Complaint, Defendant denies the allegations.

295. Answering Paragraph 294 of the Complaint, Defendant denies the allegations.

296. Answering Paragraph 295 of the Complaint, Defendant denies the allegations.

297. Answering Paragraph 296 of the Complaint, Defendant denies the allegations.

298. Answering Paragraph 297 of the Complaint, Defendant denies the allegations.

299. Answering Paragraph 298 of the Complaint, Defendant denies any allegation that it made or participated in any false or misleading statements or disclosures. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and denies the allegations on that basis.

300. Answering Paragraph 299 of the Complaint, Defendant denies any allegation that it made or participated in any false or misleading statements or disclosures and Defendant denies the allegations to the extent they refer to the intent or actions of Defendant. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations insofar as they concern the intent or actions of other defendants, and deny those allegations on that basis.

/ / /

Garman Turner Gordon
7251 Amigo Street
Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

301. Answering Paragraph 300 of the Complaint, Defendant denies the allegations.

302. Answering Paragraph 301 of the Complaint, Defendant denies the allegations.

303. Answering Paragraph 302 of the Complaint, Defendant denies the allegations.

304. Answering Paragraph 303 of the Complaint, Defendant denies the allegations.

305. Answering Paragraph 304 of the Complaint, Defendant denies the allegations.

## **DEFENSES**

Defendant sets forth the following defenses to the Complaint. Defendant reserves the right to assert further additional defenses at such time and to such extent as warranted by discovery and the factual developments in this case. In asserting these defenses, Defendant does not assume any burden of proof, persuasion, or production with respect to any issue where the applicable law places the burden upon Plaintiff and members of the putative class

1. Plaintiff's Complaint, and each and every cause of action contained therein, fails to state claim against Defendant upon which relief can be granted.

2. Plaintiff's claim against Defendant is barred, in whole or in part, to the extent they lack standing to bring or maintain claims under the Securities Exchange Act.

3. Defendant did not make any material misstatements or material omissions.

4. Defendant had no duty to disclose any facts allegedly not disclosed.

5. Any allegedly material information allegedly omitted from any of the alleged public filings already was disclosed or publicly known.

6. Any alleged misrepresentations or omissions for which the Defendant allegedly is responsible were not material.

7. Defendant acted at all times in good faith and had no knowledge, and was not reckless in not knowing, that any alleged statement or omission was false or misleading.

8. The Complaint fails to the extent that the statements about which Plaintiff on behalf of the putative class complains were non-actionable statements of opinion.

9. The Complaint fails to the extent that the statements about which Plaintiff on behalf of the putative class complains were non-actionable omissions.

/ / /

Garman Turner Gordon
7251 Amigo Street
Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

10.    Neither Plaintiff nor any member of the putative class have incurred legally cognizable injury or damages.

11.    Defendant did not proximately cause any injury or loss suffered by Plaintiff or any member of the putative class.

12.    The claims asserted in the Complaint are not properly maintainable as a class action.

13.    The claims asserted in the Complaint are barred in whole or in part for failure to plead or prove loss causation.

14.    The conduct of persons and/or entities other than the Defendant was a superseding or intervening cause of any damage, loss, or injury sustained Plaintiff or any member of the putative class.

15.    Plaintiff's claim against Defendant is barred for failure to plead any actionable misstatement by Defendant.

16.    Plaintiff's claim against Defendant is barred for failure to plead Defendant had an intent to deceive any member of the putative class.

17.    Plaintiff's claim against Defendant is barred for failure to plead any purchase of sale of Defendant's securities.

18.    Plaintiff's claim against Defendant is barred in whole or in part because of inequitable conduct and unclean hands by Plaintiff and/or members of the putative class.

19.    Plaintiff at all relevant times had a duty to take reasonable action to minimize any damages allegedly sustained as a result of the facts alleged in the Complaint. Plaintiff failed to comply with that duty and are therefore barred from recovering any damages which might reasonably have been avoided.

20.    Plaintiff purchased Live securities with actual or constructive knowledge of the risks involved, and thus assumed the risk that the value of Live securities would decline if any such risks materialized.

21.    Any depreciation in the market price of Live's common stock resulted from factors other than the purported misstatements or omissions alleged in the Complaint

Garman Turner Gordon
7251 Amigo Street
Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

22. The claims alleged by Plaintiff is barred, in whole or in part, under such equitable defenses as the evidence demonstrates, including but not limited to the doctrines of estoppel, unclean hands, waiver, and laches.

23. If any false or misleading statement was made, or if any material fact required to be stated or necessary to make any statement not misleading was omitted, and if Plaintiff and members of the putative class were aware of that statement or omission, then such Plaintiff and members of the putative class cannot prevail.

24. In making some or all of their purchases of the Company's securities, neither Plaintiff nor any member of the putative class acted in reasonable reliance upon statements alleged to have been made.

25. In making some or all of their purchases of the Company's securities, Plaintiff and members of the putative class relied on factors extraneous to the market price of the Company's securities.

26. Any alleged damages are barred in whole or in part to the extent Plaintiff or members of the putative class failed to mitigate any damages that they may have suffered.

27. Any alleged damages should be offset by any tax, insurance, or other benefit Plaintiff or members of the putative class received or could receive

28. Neither Plaintiff nor any member of the putative class is entitled to recover attorneys' fees, experts' fees, or other costs and disbursements.

29. The claims alleged in the Complaint fail to the extent that the any alleged misstatements are covered by the safe-harbor provisions in the Private Securities Litigation Reform Act.

30. The claims alleged in the Complaint fail to the extent that they rely on statements protected by the relevant statutory and common law safe harbors or the "bespeaks caution" doctrine.

31. Plaintiff's claims fail in whole or in part because the Defendant lacked the requisite scienter.

/ / /

Garman Turner Gordon
7251 Amigo Street
Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

48 of 51

32.    Plaintiff's claims fail to the extent they seek to recover damages for trading losses that were or would have been offset by subsequent gains in Live's stock price, including gains arising after the purported class period.

33.    Defendant is entitled to offset the damages of Plaintiff, if any, by benefits received by Plaintiff through their investments in Live, in accordance with the Private Securities Litigation Reform Act, common law, or any other applicable statute, rule, or regulation.

34.    The claim asserted against Defendant fails because Defendant did not participate in a violation of § 10(b) of the Exchange Act or Rule 10b-5.

35.    Plaintiff's claims fail in whole or in part because Defendant did not engage in any market activity that was directly connected to the purchase or sale of securities.

36.    Plaintiff's claims fail in whole or in part because the Defendant did not engage in conduct that was inherently deceptive when performed.

37.    Plaintiff's claims fail in whole or in part because neither Plaintiff nor the putative class relied on any deceptive conduct by the Defendant.

38.    Defendant incorporates by reference any defenses asserted by any other defendant to the extent applicable to the Defendant.

39.    Defendant has insufficient knowledge or information upon which to form a belief about whether there may be as yet unstated defenses and affirmative defenses available, and therefore expressly: (i) reserve the right to amend or supplement this Answer, their defenses and affirmative defenses, and all other pleadings; and (ii) reserve the right to (a) assert any and all additional defenses and affirmative defenses under any applicable federal, state, common, or foreign law if discovery shows that such defense would be appropriate; and (b) answer any cross-claims, counterclaims, and third-party claims when and if they become appropriate in this action.

### PRAYER FOR RELIEF

**WHEREFORE**, Defendants respectfully seek judgment as follows:

A.    That Plaintiff take nothing by way of this action;

B.    That Plaintiff's claim against Defendant is dismissed with prejudice;

Garman Turner Gordon
7251 Amigo Street
Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

C.   That Defendant be awarded the costs of defending this action, including reasonable attorneys' fees, costs and disbursements; and

D.   For such other and further relief as this Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Defendant hereby demands a jury trial.

Dated this 1st day of December 2025.

GARMAN TURNER GORDON LLP


*/s/ Dylan T. Ciciliano*
DYLAN T. CICILIANO
NV Bar No. 12348
7251 Amigo Drive, Suite 210
Las Vegas, Nevada 89119
Tel: (725) 777-3000
Fax: (725) 777-3112
*Attorneys for Defendant JanOne, Inc.*

Garman Turner Gordon
7251 Amigo Street
Suite 210
Las Vegas, Nevada 89119
(725) 777-3000

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **DEFENDANT JANONE INC.'S ANSWER TO SECOND AMENDED CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS** was submitted electronically for filing and/or service with the Eighth Judicial District Court on December 1, 2025. Electronic service of the foregoing document shall be to be served via ECF on all counsel of record as follows:

ANDREW R. MUEHLBAUER
Nevada Bar No. 10161
MUEHLBAUER LAW OFFICE, LTD.
7915 West Sahara Ave., Suite 104
Las Vegas, Nevada 89117
Telephone: (702) 330-4505
Facsimile: (702) 825-0141
Email: andrew@mlolegal.com

*Counsel for Lead Plaintiff Daniel E. Sieggreen*

ROBERT V. PRONGAY
NATALIE S. PANG (admitted *pro hac vice*)
GLANCY PRONGAY & MURRAY LLP
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email: rprongay@glancylaw.com
npang@glancylaw.com

*Counsel for Lead Plaintiff Daniel E. Sieggreen*

MARK E. FERRARIO
Nevada Bar No. 1625
JASON K. HICKS
Nevada Bar No. 13149
JERRELL L. BERRIOS
Nevada Bar No. 15504
GREENBERG TRAURIG, LLP
10845 Griffith Peak Drive, Suite 600
Las Vegas, Nevada 89135
Telephone: (702) 792-3773
Email:ferrariom@gtlaw.com
jason.hicks@gtlaw.com
berriosj@gtlaw.com

*Attorneys for Defendants Live Ventures Incorporated, Jon Isaac, and Virland A. Johnson*

/s/ Tonya Binns
An employee of
GARMAN TURNER GORDON LLP

Garman Turner Gordon
7251 Amigo Street
Suite 210
Las Vegas, Nevada 89119
(725) 777-3000